PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
LOUIS G. SCHOEPFLIN, Appellant.

(County Court, Erie County, October, 1912.)

Highway Law, § 283(1) — violation of — motor vehicles.

> One who drives a motor vehicle on the public highways without
> having a distinctive number, corresponding to a proper certificate
> of registration, conspicuously displayed on the front and on the
> rear of said vehicle, is guilty of a violation of section 283(1) of
> the Highway Law, without regard to criminal intent.

APPEAL from a judgment of City Court of Buffalo con-
victing defendant of violating the Highway Law.

Charles R. Newton, for appellant.

Wesley C. Dudley, district attorney (Clifford McLaugh-
lin, of counsel), for the people.

TAYLOR, J.   This defendant has been convicted in the
City Court of Buffalo of violating subdivision 1 of section
283 of the Highway Law of this state in that he drove on
the public highways of the city of Buffalo a motor vehicle
without having a distinctive number, corresponding to a
proper certificate of registration, conspicuously displayed
both on the front and on the rear of such vehicle.   The
facts are undisputed and I am assuming in my disposition
of this case that the act or omission complained of was with-
out specific criminal intent.

I have had occasion a number of times to investigate stat-
utes claimed to have been passed in the exercise of the
police power vested in the legislature and to examine cases
bearing upon them; and after giving this matter careful
thought I must say that I cannot see any distinction as a
matter of *genus* between this and, for example, the adul-
terated milk cases or the cases involving the selling of in-
toxicating liquors to minors.   The statutes involved in

those cases were held to be an exercise of the police power, that is, that the acts prohibited were a menace to the public health or morals and should be classified as *mala prohibita*. I appreciate that the purpose of the legislature to dispense with the necessity of providing specific criminal intent, either expressly or impliedly, in any case should be clear. Furthermore, it is true, as counsel argues, that to hold this statute as not requiring proof of specific criminal intent would often seem to work oppression. However, that same argument would apply in the adulterated milk cases and similar cases. It may be, too, that the likelihood of harm being caused by the doing of the acts here involved may not be so great as in the case of selling adulterated milk; but as to this I feel that it is merely a matter of difference in degree and not one of classification as between *mala prohibita* and *mala in se*.

Therefore, since the legislature did not state in this statute that the prohibited acts must be done with specific criminal intent, since no much word as "maliciously," "wilfully," "voluntarily" or "knowingly," so often found in statutes defining crimes, is here used, and since the general situation involved strikes me as one warranting legislative action in the exercise of the police power for the purpose of protecting the public from physical injuries and of promoting the public safety thereby, I must affirm the judgment.

I am satisfied that this defendant meant to do no wrong, and appreciate that he is placed in an unfortunate position by this judgment of conviction. Therefore, I think that the suspension of sentence was very proper, but, construing this statute as I do, I must agree with the trial court in its disposition of this case.

Judgment affirmed.