THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAM SIMON, Appellant.

County Court, Erie County, February 10, 1942.

*Sanders, Hamilton, Dobmeier, Connelly & McMahon* [*J. Eugene McMahon* of counsel], for the appellant.

*Leo J. Hagerty, District Attorney* [*Maurice Frey, Assistant District Attorney,* of counsel], for the respondent.

WARD, J. This defendant has been convicted by a justice of the peace of violating subdivision 1 of section 12 of the Vehicle and Traffic Law of the State of New York, in that he operated a motor vehicle on the public highways of this State without having a distinctive number, corresponding to a proper certificate of registration, conspicuously displayed upon such vehicle.

This conviction is based upon a plea of guilty made upon the return day of the summons, at which time the defendant was fined five dollars. It appears affirmatively that the defendant did not have on his person at the time of his arrest a permanent certificate, but that said vehicle did, in fact, display the necessary number that corresponded to a proper certificate of registration. It also appears affirmatively that although this defendant did not have on his person a permanent registration certificate, he did, in fact, own a permanent registration certificate which had been duly issued by the New York State Motor Vehicle Department prior to his arrest.

The police power vested in the Legislature is sufficiently broad to compel operators of motor vehicles upon the public highways of this State to have in their possession the certificate of registration duly issued by the Commissioner. (*People* v. *Schoepflin,*

78 Misc. 62.) The only question involved in this appeal is, has the Legislature provided that it is necessary for an owner of an automobile to have on his person a permanent certificate of registration?

The Vehicle and Traffic Law (Laws of 1929, chap. 54) is an act relating to " motor vehicles, motor cycles, and highway traffic, constituting chapter seventy-one of the Consolidated Laws."

Article 3, entitled " Provisions Applying Specially to Motor Vehicles," of this chapter is " exclusively controlling " upon " the registration * * * of motor vehicles." (Vehicle and Tr. Law, § 10.) " No motor vehicle shall be operated or driven upon the public highways of this State without first being registered in accordance with the provisions of this article, except as otherwise expressly provided in this chapter." (Vehicle and Tr. Law, § 11, subd. 1.) Application for registration of a motor vehicle shall be made by the owner thereof to the Commissioner. (Id.) Thereupon the Commissioner shall register such motor vehicle, " with the name, residence and business address of the owner * * * in a book * * * under the distinctive number assigned to such motor vehicle * * * which book * * * shall be open to public inspection * * *." (Vehicle and Tr. Law, § 11, subd 2.) Upon such registration and payment of a proper fee, " the Commissioner shall assign to such motor vehicle a distinctive number and * * * issue * * * to the owner a certificate of registration *. * *." (Vehicle and Tr. Law, § 11, subd. 3.) The certificate of registration shall be signed by the owner; in the event of its loss, mutilation or destruction, upon payment of a proper fee, a duplicate or substitute will be issued; every change of the owner's residence shall be communicated to the Commissioner within ten days after it occurs. (Id.)

Subdivision 4 of section 11 of the Vehicle and Traffic Law provides:

" 4. Carrying certificate of registration. Every person operating a motor vehicle or trailer registered or transferred in accordance with any of the provisions of this chapter shall upon demand of any magistrate, motor vehicle inspector, peace officer or State policeman produce for inspection the certificate of registration or the registration renewal stub, for such vehicle and shall furnish to such magistrate, inspector, officer or policeman any information necessary for the identification of such vehicle and its owner, and all information required concerning his license to operate, if he is required by law to have such a license, and shall, if required, sign his name in the presence of such magistrate, inspector, officer or policeman as a further means of identification. The failure to

produce the certificate of registration, or the registration renewal stub, as provided herein shall be presumptive evidence of operating a motor vehicle or trailer which is not registered as required by this article."

Generally, the registration of a vehicle by a person is *prima facie* evidence of his ownership (*Ferris* v. *Sterling*, 214 N. Y. 249), and where one has deliberately caused a car to be registered in his name as owner, he may not, after it has been involved in an accident and caused injury, deny the truth of that statement. (*Shuba* v. *Greendonner*, 271 N. Y. 189.)

In *Shuba* v. *Greendonner* (*supra*) the court said in *obiter dicta:* " Under section 11, the owner must make application for registration. He must submit such evidence of ownership as the Commissioner requires. The certificate of registration must be carried in the car and when requested it must be shown to a police officer. The person must furnish any information necessary to identify the vehicle or its owner."

While this may appear to be a statement of the law, it is obvious from a reading of the case that it is purely *obiter dicta*.

Subdivision 1 of section 12 of the Vehicle and Traffic Law states that number plates shall be " conspicuously displayed " on the motor vehicle and " securely fastened so as to prevent the same from swinging and placed, whenever reasonably possible, not higher than forty-eight inches and not lower than twelve inches from the ground. Number plates shall be kept clean * * * easily readable " and unobstructed to view. Subdivision 4 states that " The failure to produce the certificate of registration or registration renewal stub of a vehicle shall be presumptive evidence of displaying number plates not proper for the vehicle."

The distinction between " the failure to produce " as a matter of evidence and the positive duty to " carry " a certificate or license by an operator of a motor vehicle is clearly demonstrated by the language of section 20: " Failure by an operator or chauffeur to exhibit his license to any magistrate, motor vehicle inspector, peace officer or State policeman shall be presumptive evidence that he is not duly licensed under this article. A nonresident operator or chauffeur, who is duly licensed under the laws of the place of his residence and who is exempt from being licensed under this section, shall carry the license assigned to him in the place of his residence and the failure to exhibit such license to any magistrate, motor vehicle inspector, peace officer or State policeman shall be presumptive evidence that he is not duly licensed under the laws of the place of his residence."

If the Legislature intended that a resident operator of a motor vehicle should " carry " the certificate or license with him, it would have said so. Therefore, there is no duty resting upon such an operator to do. so; he need only " produce " the certificate or " exhibit " the license upon a proper " demand."

The rule as to operators' licenses has been explained thus: Failure to exhibit an operator's license for a motor vehicle is not the basis for a conviction, as " the statute quoted prescribes a rule of evidence only, and the presumption which it affords " may be overcome by uncontradicted evidence that the operator is properly licensed. (*People* v. *Meyer*, 194 App. Div. 822.)

Here, the same rule should obtain in the production of a certificate of registration. Failure to produce a certificate of registration for a motor vehicle may not be the basis for a conviction, as subdivision 4 of section 11, quoted *supra*, prescribes a rule of evidence only, and the presumption of guilt may be rebutted by uncontradicted evidence of proper registration, as by the subsequent production of the certificate itself.

Judgment of conviction reversed, fine remitted, information dismissed. Prepare and submit a judgment accordingly.