Frederick W. Loomis, J.
The defendant was convicted of the offense of violating subdivision 3 of section 56 of the former Vehicle and Traffic Law upon a trial before the court in a Court of Special Sessions, Town of Richfield, Otsego County, New York, on June 29,1960.
Among the grounds specified for the appeal are the following: that upon all of the evidence there was not sufficient proof that the defendant committed the offense and that the judgment of conviction is against the weight of the evidence; that upon all the evidence the People have failed to establish the defendant’s guilt beyond a reasonable doubt; that the Justice committed error in each instance when he overruled the objections and denied the motions of the defendant’s counsel; that the Justice committed error when he limited the defendant’s counsel in cross-examination of the People’s witnesses.
The return does not contain a stenographic record of the verbatim testimony of the witnesses. Apparently there was no court stenographer available and the Trial Justice has submitted his own resume of the testimony of each witness. The motions made by the defendant’s attorney do appear to be set forth but there is nothing in the minutes with regard to objections which may have been made and the rulings thereon. Neither is there any record of the cross-examinations of the witness nor the rulings thereon.
Under these circumstances and from the complete return on this appeal, it is impossible for this court in reviewing the conviction to determine the questions raised on this appeal.
I am mindful of the difficulties involved in requiring that a Justice must have a verbatim transcript in every instance, and it is not my intention to so determine. However, where there is no stipulation by the attorneys consenting to a summary of the testimony by the Justice for the record and where questions are raised concerning the sufficiency of the evidence; whether the People have sustained the burden of proof; whether rulings on objections were correctly made; and whether the defendant *477 was unduly limited in cross-examination, it is obvious that the court on appeal cannot review such questions unless the record is sufficiently complete to enable it to do so. This is particularly true where there is a sharp conflict in the questions of fact as appear in this case. The sharp conflict of evidence arises from the testimony of the trooper who apparently testified that he followed the defendant’s vehicle for seven tenths of a mile and that his speedometer registered 65 miles per hour, which testimony is apparently opposed by the testimony of the defendant and two passengers who testified that they had seen the trooper’s car when they passed it and that thereafter the defendant did not exceed the 50-mile speed limit.
A number of cases have been determined in this jurisdiction concerning the necessity of complete minutes under these circumstances. In view of such determinations and the facts and circumstances herein, I find, as a matter of law, thát the convictions herein must be reversed and a new trial ordered in the Justices’ Court.