Frederick W. Loomis, J.
The defendant was convicted of the offense of displaying an improper registration plate on a motor vehicle which he was operating in violation of section 12 of the former Vehicle and Traffic Law after a trial in Justices’ Court of the Town of Richfield, Otsego County, New York, on June 29, 1960.
*478 Many questions are raised on this appeal concerning the sufficiency of the information, the adequacy of the proof, the weight of the evidence and that a stenographer was not provided by the court.
The return by the Justice on this appeal does not contain a verbatim stenographic transcript of the testimony, but rather contains a summary of the testimony in narrative form. It does not appear that there was any stipulation entered into by the attorney for the defendant permitting the taking of testimony in this manner.
Where questions such as this are raised on appeal, stenographic minutes are desirable and in most instances should be required. Many cases determined in this jurisdiction have reversed lower court convictions because of the inadequacy of the record. In fact, this court on this date has reversed a conviction on such grounds. (See People v. Trafton, 28 Misc 2d 475.)
However, in this particular instance from the summaries of the testimony, there appears to be little conflict in the evidence. Apparently, the trooper testified that he found that there was no 1960 license plate on the rear of the defendant’s vehicle. Apparently the only witness for the defense was the defendant himself and the summary of his testimony indicated that he did not seriously contest the fact that there was not a proper 1960 plate on the rear of the vehicle, but rather his testimony was to the effect that he had no knowledge that there was an improper plate on the vehicle and that he had no reason to believe such to be the case. In fact, the primary defense to the charge appears to be that the defendant did not “knowingly” violate the requirements of the law and that he had no intent to do so.
In view of the fact that there is no sharp conflict in the testimony concerning the facts and that there was not even any cross-examination of the People’s witness by the defendant, I conclude that the record in this particular case is adequate to determine the appeal.
The principal defense to the effect that the defendant did not “knowingly” or “wilfully” or “intentionally” violate the law cannot prevail. In the prosecution of a charge such as this, the intent of the violation is immaterial. The act itself is ‘ mala prohibita.” (People v. Schoepflin, 78 Misc. 62.) The conviction is, therefore, affirmed.