In the Matter of PAUL F. PRUDHOMME, JR., Petitioner, *v.* WILLIAM S. HULTS, as Commissioner of the Department of Motor Vehicles, Respondent.

Third Department, March 15, 1967.

*Alex Wiltse, Jr.*, for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *Karl E. Nisoff* of counsel), for respondent.

GIBSON, P. J. This proceeding under article 78 of the CPLR is brought to review a determination of the Commissioner of Motor Vehicles revoking petitioner's driver's license upon finding that petitioner, after being arrested upon a charge of operating a motor vehicle while intoxicated (Vehicle and Traffic Law, § 1192), refused to submit to a chemical test to determine the alcoholic content of his blood (Vehicle and Traffic Law, § 1194, subd. 1). Petitioner contends that the arresting officer did not observe him operating his automobile and for that reason the arrest was not " for a crime, committed or attempted in his presence " or with " reasonable grounds for believing that a crime [was] being committed in his presence " (Code Crim. Pro., § 177) and hence the officer did not make the valid arrest which is a necessary prerequisite to the request to submit to a chemical test and the subsequent procedures under subdivision 1 of section 1194 of the Vehicle and Traffic Law (*Matter of Ballou* v. *Kelly,* 12 Misc 2d 178; *Matter of Schutt* v. *Macduff,* 205 Misc 43).

The arresting officer, a sergeant of the New York State Police, testified that he came upon petitioner's car stopped in the center mall of the Thruway, with the headlights on bright, the dome light on, the motor running but the car not in gear and petitioner, the only occupant, " slumped over the steering wheel ". The sergeant " spoke loudly to the operator and he woke up or sat up straight in the car anyway ", following which they conversed. On cross-examination, the witness replied in the affirmative to the question, whether, when the witness " first observed Mr.

Prudhomme he was asleep or slumped over the wheel, is that correct?'' The officer testified to the facts respecting petitioner's speech and appearance that satisfied him that petitioner was intoxicated. He also testified that he found no intoxicants or containers in or near the car and said that petitioner's Thruway ticket was stamped to indicate that he had entered at the Catskill entrance some seven and one-half miles distant, between midnight and 1:00 A.M. and that the time was then 1:35 A.M. He placed petitioner under arrest; petitioner declined, upon request, to submit to a chemical test; and ultimately a hearing before the Commissioner and the license revocation followed. At the hearing, petitioner invoked his privilege against self incrimination and declined to testify and the decision rests solely on the police officer's testimony.

The abundant evidence of petitioner's intoxication is uncontroverted. He was, we have concluded, operating the automobile in the presence of the arresting officer, and, in consequence, his arrest was legal and constituted a valid predicate for the subsequent procedures under subdivision 1 of section 1194, including the revocation of his license. The term '' operates '' is markedly broader than '' drives '', when used in connection with a motor vehicle. The statute itself distinguishes the terms. An operator is a person '' who *operates or* drives a motor vehicle '' (Vehicle and Traffic Law, § 127; emphasis supplied) and the very provision here in issue underlines the distinction, providing, as it does, for a test to be administered at the direction of a police officer having reasonable grounds to believe the subject '' to have been *driving* in an intoxicated condition or, while his ability to *operate* such motor vehicle * * * was impaired '' (Vehicle and Traffic Law, § 1194, subd. 1; emphasis supplied). Although there is a dearth of authority in New York, a relatively early case recognized that an individual '' began to violate the law [against operating while intoxicated] the instant he began to manipulate the machinery of the motor for the purpose of putting the automobile into motion '', even though he did not succeed in moving it. (*People* v. *Domagala*, 123 Misc. 757, 758 [County Ct., Erie County, 1924].) Forty-three years later, circumstances and conditions, including the exceedingly sensitive, complicated and responsive mechanism of the automobile, render that conclusion even more persuasive, particularly in the case of a stopped car with motor running and an operator slumped over the wheel. Petitioner was operating the car within the meaning of the statute, most certainly after the officer spoke to him and he awakened (if he had been asleep) and '' sat up straight '', if not, indeed, at all times before.

As we have noted, New York precedents are limited, but a wealth of out-of-State authority supports this conclusion. In approving a jury instruction that under the evidence the defendant would be guilty of operating while intoxicated, " whether the automobile moved or not ", the Supreme Judicial Court of Massachusetts said that, " A person operates a motor vehicle within the meaning of [the statute] when, in the vehicle, he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle." (*Commonwealth* v. *Uski*, 263 Mass. 22, 24.) In many other States, it has been held that a person found behind the steering wheel of an automobile, stopped with motor running, is an operator of the vehicle. (*State* v. *Lariviere*, 2 Conn. Cir. 221 [where, indeed, defendant was found asleep at the wheel]; *State* v. *Swift*, 125 Conn. 399; *State* v. *Pritchett*, 53 Del. 583; *Barrington* v. *State*, 145 Fla. 61; *Flournoy* v. *State*, 106 Ga. App. 756; *State* v. *Fox*, 248 Iowa 1394; *State* v. *Dill*, 182 Kan. 174; *Waite* v. *State*, 169 Neb. 113; *State* v. *Ray*, 4 N. J. Mis. Rep. 493 [involving, as here, an arrest for a crime committed in a peace officer's presence]; *State* v. *Sweeney*, 40 N. J. 359; *State* v. *Storrs*, 105 Vt. 180; *Gallagher* v. *Commonwealth of Virginia*, 205 Va. 666; Ann. 47 ALR 2d 570, " Driving While Drunk ", and suppl.)

The determination should be confirmed and the petition dismissed.

GIBSON, P. J., HERLIHY, REYNOLDS, AULISI and STALEY, JR., JJ., concur in opinion by GIBSON, P. J.

Determination confirmed and petition dismissed, without costs.