John S. Lockman, J.
On the basis of People v. Belcher (302 N. Y. 529) and People v. James (4 N Y 2d 482), the defense moves to dismiss a driving while intoxicated (Vehicle and Traffic Law, § 1192) information, on its face not upon information and belief, because the complainant’s testimony established that he arrived after a collision rendering the defendant’s vehicle inoperable and therefore had no personal knowledge that the defendant operated the vehicle.
Prior to the trial the People withdrew their notice of intention to introduce statements and admissions of the defendant (Code Crim. Pro., § 813-f), and amended the information, *1011 without objection, by striking a statement that it was on information and belief the source, of which was police investigations.
The People did this because they contended that the information is sufficient on two grounds.
1. Section 1193 of the Vehicle and Traffic Law which authorizes a police officer to arrest a violator of section 1192 where there has been a collision even though the operation was not in the officer’s presence impliedly authorizes the officer to lay the information;
2. The officer’s observations of the defendant getting behind the wheel of his car, attempting to place the key in the ignition and attempting to operate a vehicle in an inoperable condition.
The People are wrong in both contentions.
(1) Section 1193 is a renumbering of section 70 (subd. 5-c) of the Vehicle and Traffic Law. This section was before the Court of Appeals when it decided Belcher {supra). Had it agreed with the People and not recognized the distinction between an arrest and a pleading it could have decided Belcher on such grounds.
(2) While it does not require much to constitute “ operating a motor vehicle ” (People v. Domagala, 123 Misc. 757; Witherstine v. Employers’ Liab. Assur. Corp., 235 N. Y. 168), the vehicle must at least be operable. Complaint dismissed.