■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARK M. MARRIOTT, Appellant.— Appeal from a judgment of the St. Lawrence County Court upon a verdict convicting the defendant of the crime of operating a motor vehicle while in an intoxicated condition. (Vehicle and Traffic Law, § 1192, subd. 2.) The sole question for consideration is whether the defendant was " operating " a motor vehicle within the definition of the statute. At about 8:30 P.M. on May 23, 1970 two Deputy Sheriffs found defendant asleep behind the steering wheel of his car with the engine running. The car was parked on the shoulder of a main highway in a remote, rural area. There was unquestionable evidence that the defendant had been drinking and was intoxicated. The only evidence presented by the defense was the testimony of a friend of defendant's that she had seen him getting into his car earlier, recognized that he was unable to drive and so offered to drive him home. She left the automobile at the point where the Sheriffs found it because of an argument between herself and defendant during which she told defendant " to get home the best you can ". Upon leaving the car, she saw defendant slide over to the driver's seat and then he slumped over. She did not see him turn on the ignition. She drove past the car 20–25 minutes later and the engine was not running but whether this occurred before or after the Sheriffs arrested defendant she was unable to state. The statutory prohibition is against operating as well as driving an automobile while intoxicated. There is a recognized distinction between the two functions (cf. Vehicle and Traffic Law, § 127). " Operates " is a broader concept. (*Matter of Prudhomme* v. *Hults*, 27 A D 234, 236.) The trial court correctly charged the jury that a person operates a motor vehicle when he begins to use the mechanism of the automobile for the purpose of putting the automobile in motion even though he does not move it. (*Matter of Prudhomme* v. *Hults, supra*.) The defendant's presence alone behind the steering wheel of the automobile in an intoxicated condition with the motor running in a remote area where the car had been parked with the engine stopped allowed the jury to draw the fair inference that he had started the engine intending to go home and this constituted operation within the intendment of the statute. The evidence, both direct and circumstantial, was sufficient to support the verdict of guilty. (*People* v. *Blake*, 5 N Y 2d 118, 120.) Judgment affirmed. Reynolds, J. P., Aulisi, Staley, Jr., Cooke and Simons, JJ., concur.