OPINION OF THE COURT
Albert A. Rubin, J.
Can a person steering an inoperable vehicle that is being towed be in violation of section 319 of the Vehicle and Traffic Law?
The facts are not in dispute. On October 10, 1977 Patrolman Lawrence Olsen was assigned to cover an automobile accident which had occurred at the intersection of Sunrise Highway and North Village Avenue. When he arrived there he found two Cadillacs in the roadway and a van-type truck at curbside. Both Cadillacs were owned by the D & G Fast Freight, Inc. *628 The first Cadillac (car 1) was towing the second Cadillac which Patrolman Olsen identified as the "Green Cadillac” (car 2). A nonrigid towing device (either a rope or a chain) was attached to the rear of car 1 and tied to the front of car 2. When Patrolman asked who was operating car 2, the defendant, Kenneth Chin, stated he was steering car 2 and, as car 1 was making a turn, he had misjudged the turn and car 2 came into collision with the parked van. When asked to produce the customary documentation, the defendant could not produce an insurance card for car 2 and he was issued a summons for violation of section 319 of the Vehicle and Traffic Law.
Kenneth Chin was not born in the United States nor has he been here for many years. After attendance for three years, he graduated from South Side High School in 1972. However, at the trial he still had difficulty expressing himself or understanding some of the simpler language used. When the court offered to obtained an interpreter he said that would not be necessary as he was accompanied at the trial by his employer, George Kurz, Sr., who is the operator of the local BP Service Station where Kenneth Chin is employed. He said that George Kurz, Sr., would assist him in any language difficulties. George Kurz, Jr., son~of George Kurz, Sr., was and is an officer and stockholder of D & G Fast Freight, Inc., which owned both cars 1 and 2. George Kurz, Jr., apparently had been the driver of car 1.
This case raises several interesting points concerning a car in tow. Car 2 which was being towed, had current license plates and was properly registered. However, the engine was not running; it was definitely being towed and incapable of propelling itself.
The police officer testified as to a conversation with the defendant at the place of the accident. It was apparent to the court that the defendant would not ordinarily use words such as those described by the witness. The reason for stressing this point was because of the use of the words "operate” and "misjudged”. Questioning of the defendant indicated he did not even know the meaning of the word "misjudged.”
What does the word "operate” mean under section 319? Does it mean driving a car with the engine running? Does it mean steering a car when the engine is not running? A review of the cases cited under section 319 are of little help. The cases cited under section 1192 are of greater assistance.
In People v Hoffman (53 Misc 2d 1010, 1011) Judge Lock- *629 man stated "While it does not require much to constitute 'operating a motor vehicle’ [citing cases] the vehicle must at least be operable”.
In People v Marriott (37 AD2d 868) the court found that a person "operates” a motor vehicle when he begins to use the mechanism of the automobile for the purpose of putting the automobile in motion.
It is not difficult to find that car 2 was being operated. If there was no necessity of steering the vehicle, the defendant would not have been sitting in the driver’s seat and attempting to steer the car. It would appear that all of the parties involved are in a phase of the automotive and transportation industry, and should be charged with more knowledge then the average lay person concerning the Vehicle and Traffic Law. The defendant himself even though he had difficulty with the language appears to be a bright young man and is employed in a gasoline station. His employer (who owns the gasoline station) attended most sessions with him and was very helpful.
George Kurz, Jr., whose company, D & G Fast Freight, Inc., was the owner of both vehicles, was not aware that insurance would be reqired on car 2. Both Kurzes seemed astounded when it was suggested to them that if car 2 was being moved and was capable of inflicting damage and/or injury it should have been insured.
Analogies were made to racing cars and other vehicles in tow which are tied by rigid towing devices. Yet it is apparent that those vehicles are in a different category because a "driver” is not required behind the steering wheel. More analogous would be the hook and ladder fire trucks which require a licensed driver to be at the rear of the vehicle in order for it to be steered properly.
Car 2 falls within the definition of a vehicle pursuant to section 159 of the Vehicle and Traffic Law. Answering the posed questions: Was car 2 a vehicle? — Yes. Was the vehicle being operated? — Yes. Therefore we have the operation of a vehicle which falls well within the proscription of section 319 of the Vehicle and Traffic Law.
Kenneth Chin was not the owner of the vehicle in question and for that reason alone the charge against him could be dismissed. Additionally, however, section 319 makes it a violation for any person who operates a vehicle with knowledge that the owner does not have insurance. Therefore *630 it would be theoretically possible for the defendant to be guilty of a violation of section 319 even though he was not the owner of the car. However, the People have not met their burden of proof with any evidence that the defendant operated the vehicle in question knowing that the owner did not have insurance. The People having failed to make out a prima facie case, the charge against Kenneth Chin should be dismissed as neither method of violation as described in section 319 existed or was proven.
It is suggested that section 319 of the Vehicle and Traffic Law be amended to specifically include a requirement for insurance on cars in tow or being towed by a nonrigid device.
The charge against Kenneth Chin is dismissed.