■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W.,[*] Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered June 1, 1979, which adjudicated defendant a youthful offender. At approximately 9:00 P.M. on April 29, 1978, Deputy Sheriff Larry Preston of the Chemung County Sheriff's Department found defendant slumped over the steering wheel of his automobile with the engine running while the vehicle was parked along the shoulder of Harris Hill Road in the Town of Big Flats. A breathalizer test administered to defendant indicated that the alcohol content of his blood at the time of his arrest was 0.20% by weight, and he was subsequently indicted for operating a motor vehicle while under the influence of alcohol as a felony (Vehicle and Traffic Law, § 1192, subd 2). At his later trial, he also admitted that he had started his automobile and tried to move it before he was discovered by the Deputy Sheriff, and under these circumstances, the jury returned a verdict of guilty of the crime charged. This appeal ensued. We hold that the judgment of County Court should be affirmed. In so ruling, we initially find without merit defendant's contention that the trial court erred in refusing to allow him to present a witness to testify regarding the inoperability of his automobile. It is well settled that an individual can be found guilty of operating a motor vehicle while under the influence of alcohol if he begins to "manipulate the machinery of the motor for the purpose of putting the automobile in motion" even if he is unsuccessful in moving the vehicle (see *People v Domagala,* 123 Misc 757, 758), and operation of the vehicle is established by proof that an individual was merely behind the wheel with the engine running and without proof that he was seen driving the car *(People v Alamo,* 34 NY2d 453; *People v Marriott,* 37 AD2d 868). Under this standard, the testimony of the proposed witness as to the operability of the vehicle would not have been relevant to the question of defendant's guilt and it was rendered even more remote by the fact that the witness' testimony would apparently have related to the vehicle's condition two days after the incident on the shoulder of Harris Hill Road. Defendant's remaining arguments are also lacking in substance. The court plainly did not err when it refused to instruct the jury that the inoperability of defendant's automobile could be considered on the question of whether he "operated" the automobile. To the extent that "operable" means that the engine itself was capable of moving, this fact is uncontested, and to the extent that it means that the vehicle is capable of being driven, proof of this fact is not required under the authority cited above. As for the sufficiency of the evidence to support the guilty verdict, the facts set forth above were established at the trial and fully demonstrated every element of the crime beyond a reasonable doubt (see

* Name used is fictitious for purposes of publication.

Vehicle and Traffic Law, § 1192, subd 2). Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.