OPINION OF THE COURT
Marvin E. Segal, J.
The defendant herein has made a motion to dismiss the simplified traffic information filed against him based, inter alia, on double jeopardy grounds.
At about 12:50 a.m. on March 30, 1986, defendant was given an appearance ticket for a "Parking Violation” returnable in the Hempstead Village Court. The box "No Parking Zone” was checked off on the ticket. Defendant pleaded guilty to same.
A simplified traffic information charging defendant with driving while intoxicated in violation of Vehicle and Traffic *428 Law § 1192 (2), which is the basis of the instant prosecution, was issued to defendant shortly after the aforesaid parking ticket. Mr. Foster was charged, according to the simplified traffic information, with violating the D.W.I. law at about 1:00 a.m. on March 30, 1986.
Police Officer Geis’ supporting deposition in connection with the D.W.I. charge states that he observed someone "slumped over the wheel of a 1978 Ford * * * with the motor running. When I woke the defendant I could smell the odor of an alcoholic beverage on his breath, his eyes were bloodshot and his speech was slurred. The defendant stated he was going home and drove V¿ block till he was stopped and arrested.”
The court hereby defined the dismissal request based on the double jeopardy claim, in light of CPL 40.20 (2) (b), which provides that "[a] person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless * * * [e]ach of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harms or evils”.
Here, such rule applies, since the parking and D.W.I. charges each contain an element that is not an element of the other. Further, the two different laws defining each offense definitely are meant to prevent quite different types of harms. (See, People v Lindsly, 99 AD2d 99 [2d Dept 1984].)
Further, considering together the traffic ticket, the ticket charging D.W.I. and Officer Geis’ supporting deposition, it appears that the sequence of events was that the policeman came upon defendant while he was slumped over the wheel of the auto with the motor running, at which time he was ticketed for being in a "no parking” zone. He subsequently put the vehicle in motion, drove it a short distance and was at that time charged with driving while intoxicated. Here defendant is charged with two separate offenses which, though close in time to each other, were not simultaneous. There is no inconsistency or contradiction inherent in the two separate charges according to the officer’s version of events, which version has not been factually contradicted by the defendant.
Secondly, defendant has applied for dismissal of the section 1192 (2) charge upon the ground that "it is an essential element of the charge that defendant be operating and/or using a motor vehicle while intoxicated. He urges that in the case herein the arresting Police Officer made an affirmative *429 finding that the defendant was not operating and/or using a motor vehicle at the time he was supposedly intoxicated, but rather the Police Officer found that the vehicle that defendant was in was parked. The defendant therefore concludes that he was not operating or using the motor vehicle at the time he allegedly committed the violation of 1192-2 of the V.T.L.”.
This branch of the motion is similarly denied. As set out hereinabove, from the court record it appears that defendant first was ticketed for parking in a "no parking” zone. Defendant then drove the vehicle after being awakened by the policeman and was subsequently charged with driving while intoxicated. The accusatory instruments and the supporting deposition portray the commission of two separate offenses at two distinct points in time.
It is also noted that case law is clear that in D.W.I. prosecutions, "operation” of a vehicle can be established upon proof that the defendant was merely found behind the wheel of a stopped car with the engine running, and without proof that he was observed driving the car. (See, People v Marriott, 37 AD2d 868; People v Alamo, 34 NY2d 453; People v Collins, 70 AD2d 986.)
Accordingly, the application is denied in all respects.