OPINION OF THE COURT
Bruce E. Tolbert, J.
This is a prosecution under Vehicle and Traffic Law § 306 (b); § 319 (1); § 401 (1) (a); § 402 (4) and § 509 (3).
On July 4, 1986 at 4:00 a.m., Police Officer Rodriguez of the Westchester County Police Department observed a 1977 Plymouth bearing New York registration 928-ZNS being pushed from behind through the northbound toll lane of the Saw Mill River Parkway without its lights on. Police Officer Rodriguez activated his lights and siren and pulled both cars over. The *117 defendant, Farshio Hakimi-Fard, alighted from the driver’s seat of the vehicle which was being pushed. Upon the officer’s request, the defendant was unable to produce a license, certificate of registration or proof of financial security. Further investigation revealed that the vehicle displayed improper plates, was uninspected, and that defendant had been issued a valid license which restricted his driving privileges to work-related activities. Police Officer Rodriguez issued five uniform traffic tickets to the defendant for the above-listed offenses.
At trial, Police Officer Rodriguez testified that he observed the defendant behind the wheel of the suspect vehicle as it was being pushed along the highway, that he did not notice whether the keys were in the ignition, that he was unsure if there was a proper inspection sticker on the vehicle and that the defendant admitted at the scene that his license was restricted to driving to and from work and he was not on his way to or from work at the time he was pulled over. The officer also offered into evidence, without objection, a certified driving abstract and affidavit of regularity from the Department of Motor Vehicles in Albany.
The defendant testified that he was a taxi driver, that his license was restricted to this activity, that he did not own the vehicle in question and that he did not know the car was unregistered, uninsured or had improper plates on it.
After the close of the People’s case and again at the close of the trial, defense counsel moved to dismiss the charges upon the grounds that defendant did not "operate” the vehicle or alternatively that the defendant’s lack of ownership of the vehicle and lack of knowledge regarding the proper registration, insurance and inspection of the vehicle preclude a finding of guilt.
In support of the proposition that a disabled vehicle in tow is not being "operated” by its occupant for purposes of the Vehicle and Traffic Law, defense counsel cites Wolcott v Renault Selling Branch (175 App Div 858). We find that case unpersuasive. A person "operates” a motor vehicle when he begins to use the mechanisms of the automobile for the purpose of putting the automobile in motion. A driver who steers a vehicle being pushed from behind is using a mechanism of the automobile for the purpose of putting it in motion and is, therefore, "operating” the vehicle. (See, People v Chin, 96 Misc 2d 627; People v Marriott, 37 AD2d 868; Matter of Prudhomme v Hults, 27 AD2d 234.)
*118 Vehicle and Traffic Law § 375 (29) (d) states in relevant part that, "A motor vehicle being towed by a rope or other nonrigid connection must have a licensed driver in such motor vehicle who shall steer it when it is being towed.”
This vehicle was not being towed by any rigid or nonrigid device which could control its speed or direction. Rather, this car was completely unattached to the vehicle pushing it except for an occasional "bump” to keep it going. Clearly, the defendant was in actual physical control of the subject vehicle. (See, Vehicle and Traffic Law § 113.)
If a licensed driver is required to steer a disabled vehicle in tow, a fortiori, a licensed driver is required to operate a completely free moving disabled vehicle being pushed from behind by another vehicle. This court holds that the activities required to maneuver a disabled vehicle being pushed from behind along a public highway constitute operating that vehicle for purposes of the Vehicle and Traffic Law and that a driver’s license is required to engage in such activity. (See, People v Chin, supra; People v Marriott, supra.)
The court is cognizant of the holding of People v Hoffman (53 Misc 2d 1010) to the effect that "operating” a motor vehicle requires, at least, that the vehicle be operable.
However, Hoffman (supra) concerned an automobile rendered inoperable by a collision prior to any police presence at the scene. The vehicle was not capable of being moved and the police witness had no personal knowledge that the defendant was the operator of the vehicle at the time of or prior to the collision. Here, the police personally observed the vehicle moving along the highway with the defendant behind the wheel. Even without the engine running, a vehicle is operable when the mechanisms of the automobile are used for the purpose of putting the automobile in motion and the automobile is, in fact, moving.
The police officer’s testimony, the documentary evidence and the defendant’s own statements establish that defendant’s license was restricted to driving to and from work and that defendant was not driving to or from work at the time he was pulled over. Therefore, the court finds the defendant guilty of violating Vehicle and Traffic Law § 509 (3).
As to the remaining charges, the defendant maintains that his lack of ownership of the vehicle and / or his lack of knowledge regarding the inspection, insurance, registration and proper plates preclude a finding of guilt.
*119 Vehicle and Trafile Law § 306 (b) provides in relevant part that, "[n]o motor vehicle shall be operated or parked on the public highways of this state unless a certificate of inspection * * * is displayed upon the vehicle or affixed to the registration”. The police officer testified that the vehicle was not inspected but on cross-examination stated that he did not remember if an inspection sticker was affixed to the windshield and did not otherwise explain the circumstances indicating that this vehicle was uninspected. The defendant’s guilt has not been established beyond a reasonable doubt and, therefore, we find the defendant not guilty of violating Vehicle and Traffic Law § 306.
Vehicle and Traffic Law § 319 (1) provides in almost relevant part that, "any * * * person who shall operate * * * any motor vehicle * * * with the knowledge that the owner thereof does not have * * * [insurance] * * * shall be guilty of a traffic infraction”. While the failure to produce proof of financial security upon request raises a presumption that the vehicle was not insured, it does not raise a presumption that the operator had knowledge that the vehicle was uninsured and the Vehicle and Traffic Law does not require each non-owner operator to inquire of the owner concerning insurance coverage. (See, People v Simmons, 90 Misc 2d 143; also see, People v Chin, supra.) There was no proof that the defendant knew the vehicle was uninsured and, therefore, we find the defendant not guilty of violating Vehicle and Traffic Law §319.
Vehicle and Traffic Law § 401 (1) (a) provides in relevant part that "[n]o motor vehicle shall be operated or driven upon the public highways of this state without first being registered”. The failure to produce the certificate of registration is presumptive evidence of operating an unregistered vehicle. (See, Vehicle and Traffic Law § 401 [4]; § 402 [4].) There is no knowledge requirement and the proscription is not limited to owners. The police officer testified that the defendant failed to produce a certificate of registration and a teletype check revealed that the vehicle was unregistered. The defendant did nothing to refute this evidence. Therefore, the court finds the defendant guilty of violating Vehicle and Traffic Law § 401 (1) (a).
Vehicle and Traffic Law § 402 (4) provides in relevant part that, "[n]o person shall operate or drive a motor vehicle upon the public highways of this state having displayed thereon *120 number plates not proper for such vehicle”. The failure to produce the certificate of registration upon request therefor is presumptive evidence of displaying number plates not proper for the vehicle. (See, Vehicle and Traffic Law § 402 [4].) No criminal intent or knowledge is required. (People v Schoepflin, 78 Misc 62; People v Loomis, 28 Misc 2d 477.)
The police officer testified that the defendant failed to produce a certificate of registration and a teletype check revealed the number plates to the vehicle belonged to a different vehicle. The defendant’s testimony did not refute this evidence. Therefore, the court finds the defendant guilty of violating Vehicle and Traffic Law § 402 (4).
The defendant is ordered to appear for sentencing in accordance with the above rulings at 9:30 a.m. on August 31, 1987, Traffic Court, 10 Palisade Avenue, Yonkers, New York.