OPINION OF THE COURT
John A. K. Bradley, J.
Is an automobile without a battery a "motor vehicle” within the meaning of Vehicle and Traffic Law § 125? That is the sole question before the court.
The defendant is charged with operating a motor vehicle while under the influence of alcohol and various other crimes. At the time of the incident, the defendant was steering a car without a battery on Houston Street. The testimony before the Grand Jury was unclear as to whether the defendant’s car was being pushed by another vehicle or a person.
*326 Vehicle and Traffic Law § 125 defines a motor vehicle as: "Every vehicle operated or driven upon a public highway which is propelled by any power other than muscular power, except (a) electrically-driven mobility assistance devices operated or driven by a person with a disability, (b) vehicles which run only upon rails or tracks, (c) snowmobiles as defined in article forty-seven of this chapter, and (d) all terrain vehicles as defined in article forty-eight B of this chapter. For the purposes of title four, the term motor vehicle shall exclude fire and police vehicles. For the purposes of titles four and five the term motor vehicles shall exclude farm type tractors and all terrain type vehicles used exclusively for agricultural purposes, or for snow plowing, other than for hire, farm equipment, including self-propelled machines used exclusively in growing, harvesting or handling farm produce, and self-propelled caterpillar or crawler-type equipment while being operated on the contract site.”
Vehicle and Traffic Law § 159 defines vehicle as: "Every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power or used exclusively upon stationary rails or tracks.”
The question is posed whether a vehicle which may have been incapable of being operated under motorized power was a motor vehicle at such time.
There are many cases which approach issues similar to that at bar. (People v Hakimi-Fard, 137 Misc 2d 116 [Yonkers City Ct 1987] [disabled vehicle being pushed from behind is being "operated”, and a driver’s license is required]; People v Foster, 133 Misc 2d 427 [Dist Ct, Nassau County 1986] ["operation” of vehicle can be presumed when person found behind wheel of car with engine running]; People v Chin, 96 Misc 2d 627 [Village Ct, Rockville Centre 1978].) There are no cases which address the precise issue posed here.
While the legislative history is unilluminating, the court concludes that the car at issue was a "motor vehicle”. In exempting "muscle” powered vehicles, the Legislature obviously sought to exempt bicycles and other lightweight vehicles which would not be a deadly instrument if not being operated properly.
That this conclusion is appropriate is evident when the absurdity of the opposite conclusion is considered. If the test as to whether an automobile is a "motor vehicle” is dependent *327 on whether it is operable at the moment to be considered, then for example, one could disconnect the engine connection and then "drive” a car down an Adirondack mountain road while inebriated, without fear of being charged with driving while intoxicated. It seems the appropriate conclusion is that an automobile and all other ordinary motorized vehicles are "motor vehicles” regardless of whether technically capable of being motor driven, and that only a limited class of vehicles which are ordinarily muscle powered should be exempted.