OPINION OF THE COURT
Daniel K. Lalor, J.
Defendant is charged with two counts of operating a motor *678 vehicle while under the influence of alcohol as a felony in violation of Vehicle and Traffic Law § 1192 (2), (3) and § 1193 (1) (c).
Defendant moved for dismissal of the indictment for insufficient Grand Jury evidence, inadequate instructions to the Grand Jury, selective prosecution, and in furtherance of justice. By a prior order this court granted defendant’s motion for in camera inspection of the Grand Jury minutes. Pending its review of the minutes the court reserved upon all motions addressed to the indictment. The People have now provided minutes to the court.
The proof before the Grand Jury consisted of the testimony of two officers and the defendant himself, testifying under waiver of immunity. The arresting officer, Christopher Park, testified that on November 7, 1992 he and Officer Dinkelacker were on routine patrol in the Village of Tannersville, when they observed a vehicle parked in a restaurant parking lot with its dome light on. As he approached the vehicle, Officer Park observed a left hand on the steering wheel, and he noticed that the engine was running and the brake lights were on. When Officer Park tapped on the glass, the defendant rose and rolled down the window, whereupon the officer detected the odor of an alcoholic beverage. In response to ensuing police questions, Officer Park testified the defendant stated that he was "going to Lexington.” Upon defendant’s failure to complete field sobriety tests, he was placed under arrest for DWI. Officer Park testified that defendant then stated he would not drive and would stay overnight at a motel across the street if he were not arrested. Officer Dinkelacker’s testimony generally confirmed that of Officer Park.
The defendant testified before the Grand Jury. He admitted that he was intoxicated on the evening of November 7, 1992, however, he asserted that his only purpose in starting the engine of his truck was to operate the heater of the vehicle in order to give shelter to himself and to a friend who was waiting for a ride. Defendant testified that in response to police questions, he stated that he was going back inside the restaurant to wait for a friend.
Unquestionably, "operates” is a broader concept than "drives” (Matter of Prudhomme v Hults, 27 AD2d 234 [3d Dept 1967]). Nevertheless, case law establishes that the definition of "operates” does include a mental state, namely, the intention to move the vehicle.
*679 "[A] person operates a motor vehicle when he begins to use the mechanism of the automobile for the purpose of putting the automobile in motion even though he does not move it” (People v Marriott, 37 AD2d 868 [3d Dept 1971] [emphasis added]). Uniformly, cases holding a defendant "found behind the wheel with the motor running” to be engaged in "operation” of the vehicle all include facts or circumstances proving that the defendant had actually moved the car while intoxicated, or intended to do so. (People v Blake, 5 NY2d 118; People v Mouck, 145 AD2d 758; People v Thornton, 130 AD2d 78; People v David W., 83 AD2d 690 [3d Dept 1981]; People v Collins, 70 AD2d 986; People v Marriott, supra; Matter of Tomasello v Tofany, 32 AD2d 962; Matter of Prudhomme v Halts, supra; People v Foster, 133 Misc 2d 427; People v Jones, 77 Misc 2d 33; People v Fox, 34 Misc 2d 830.) The issue of "operation” is generally a question of fact for the jury (see, People v Hurley, 86 Misc 2d 601, 608), and a trial jury would be so instructed, using the above standard.[1] The defendant was entitled to have the Grand Jury similarly instructed in considering his testimony.
There was conflicting evidence before the Grand Jury as to defendant’s intent, from which the jurors could well have found reasonable cause to believe defendant intended to drive. They were not instructed, however, that such intent is a necessary component of "operation.” Had they been properly instructed, it is possible they could have credited defendant’s testimony that he had no intention of driving, and voted not to indict.[2] They were not given that opportunity, because the *680 Assistant District Attorney erroneously instructed them that "keys in the ignition and engine running” was as a matter of law "operation” within the meaning of the statute. This instruction rendered defendant’s testimony before the Grand Jury irrelevant, to the extent he attempted to establish he was not "operating” the vehicle, and left intact only those portions of his testimony wherein he admitted all other elements of the crime.
Nothing the court has said should be taken to suggest that the Hunter police acted improperly in any way in interceding in this case. To the contrary, it is preferable that an intoxicated person behind the wheel of a car be prevented from operating the vehicle, even though he may have as yet committed no crime (see, People v Austin, 128 Misc 2d 923). Even under defendant’s own version of the facts, police intervention in this case was justified for defendant’s own safety, as well as for the protection of the community (see, People v De Bour, 40 NY2d 210, 218-219). As the Assistant District Attorney correctly pointed out before the Grand Jury, such a situation as was presented here poses numerous perils having nothing to do with intentional operation of the motor vehicle. In this case, moreover, crediting the testimony of the officers, there was sufficient evidence of intention to operate to give the officers probable cause to arrest defendant for operating while intoxicated.
For the foregoing reasons, the indictment must be dismissed, with leave to re-present. In view of the result reached, the court does not consider defendant’s arguments that dismissal is warranted in furtherance of justice or that prosecution of this case would constitute selective enforcement.

. "In order to prove a violation of any of the subdivisions of section 1192, the proof need not establish that the defendant was observed actually driving the vehicle, i.e., operating it while in motion. It suffices to establish that the defendant had earlier driven the vehicle, or that the defendant had started the engine with the purpose of driving the vehicle.” (3 CJI[NY] V&TL 1192, at 2267 [Mar. 24, 1989 Revision].) The CJI pattern charge on "operation” states, " 'Operation’ of a motor vehicle is established upon proof beyond a reasonable doubt that the defendant had recently driven the vehicle or by such proof that he was seated at the wheel, with the motor running and with a present intention of placing the vehicle in operation.” (3 CJI[NY] V&TL 1192, at 2306 [Mar. 24, 1989 Revision].)

. Two grand jurors asked for clarification of the definition of "operation”, and one grand juror expressed apprehension over a hypothetical case, i.e., should an intoxicated person who decided to sleep in his vehicle rather than to venture out onto the highway be subjected to criminal liability? In response, the Assistant District Attorney instructed the Grand Jury only that "The starting of a motor constitutes operation of the motor vehicle.” With regard to the issue of intent to operate, in his closing remarks to the *680 Grand Jury, the Assistant District Attorney stated "Why he did it, we don’t care.”