■ CINDY L. DUPRA, Individually and as Parent and Natural Guardian of DYLAN S. DUPRA and Others, Infants, Respondent, v PAT BENOIT et al., Defendants, and ELECTRIC INSURANCE COMPANY, Appellant. [705 NYS2d 781] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied the motion of Electric Insurance Company (defendant) for summary judgment dismissing the amended complaint against it. Plaintiff's four-year-old son was injured when he

was pinned between the bumpers of a pickup truck and a Nissan Sentra automobile, which was being manually pushed toward the truck. At the time, the Nissan Sentra was unregistered, uninsured and temporarily inoperable. Defendant, the insurer of a vehicle owned by plaintiff, contends that, because it was inoperable, the Nissan Sentra was not a motor vehicle within the meaning of Vehicle and Traffic Law § 125 and thus was not an "uninsured motor vehicle" within the meaning of defendant's policy. We disagree.

Vehicle and Traffic Law § 125 defines a motor vehicle as "[e]very vehicle operated or driven upon a public highway which is propelled by any power other than muscular power", with certain exceptions not relevant here. Thus, a vehicle that is equipped with and propelled by an engine is a motor vehicle even though it is temporarily disabled or inoperable at the time of the accident (*see, People v Lopez*, 144 Misc 2d 325; *see also, People v Hakimi-Fard*, 137 Misc 2d 116; *People v Chin*, 96 Misc 2d 627; *but see, People v Carey*, 120 Misc 2d 862).

We also reject defendant's contention that the vehicle was not in use or operation at the time of the accident. Defendant's policy provides that liability "must arise out of the ownership, maintenance or use of the 'uninsured motor vehicle.' " Factual issues exist whether the accident arose out of the maintenance or use of the vehicle. (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner and Scudder, JJ.