OPINION OF THE COURT
Robert M. Raciti, J.
On February 3, 2005, this court conducted a bench trial on a single count of a class B misdemeanor, attempted leaving the *624 scene of an incident without reporting, charged under Penal Law § 110.00 and Vehicle and Traffic Law § 600 (2) (a). In their case-in-chief, the People’s sole witness was the complaining witness, David James, who testified that he was riding his bicycle on 103rd Street in Queens when he saw defendant, who was some distance ahead of him, park his motor vehicle and turn off the ignition. James recalled that after defendant parked, he saw defendant remain in the car for about 30 seconds. Then, just as James’ bicycle approached defendant’s driver’s door, defendant opened the door to get out of the vehicle. James was unable to avoid hitting the opened door, careened into it, flipped his bicycle over, and lay injured on the street.
At this point, James, hurt and bleeding, was nevertheless able to get up and begin cursing and screaming at defendant. James demanded defendant’s driver’s license information, but defendant refused to give it and walked away, leaving his car parked in the same space where the accident had occurred. James then called the police and defendant was subsequently arrested and charged with leaving the scene of an incident without reporting.
At the close of the People’s case-in-chief, the defendant moved for a trial order of dismissal pursuant to CPL 330.30. Defendant argued that as a matter of law the People had failed to establish that he was “operating” the motor vehicle at the time of the accident — a necessary element of section 600 (2) (a). In response, the People contended that they were relying upon the broad notion of operation pertinent to the driving while intoxicated provisions of the Vehicle and Traffic Law. Specifically, the People argued that, so long as they could prove that defendant had recently operated the motor vehicle, they could meet their burden of proof.
To be sure, Vehicle and Traffic Law § 600 (2) (a) requires “operation” of a motor vehicle. It provides:
“2. a. Any person operating a motor vehicle who, knowing or having cause to know that personal injury has been caused to another person, due to an incident involving the motor vehicle operated by such person shall, before leaving the place where the said personal injury occurred, stop, exhibit his license and insurance identification card for such vehicle, when such card is required pursuant to articles six and eight of this chapter, and give his name, residence, including street and street number, insurance carrier and insurance identification information including but not limited to the number and *625 effective dates of said individual’s insurance policy and license number, to the injured party, if practical, and also to a police officer, or in the event that no police officer is in the vicinity of the place of said injury, then, he shall report said incident as soon as physically able to the nearest police station or judicial officer.”
The People contend that the same broad meaning of operation applicable to the driving while intoxicated provisions of the Vehicle and Traffic Law ought to apply to leaving the scene of an incident charges, but that ignores an important distinction between the two crimes. Clearly, the public interest in prohibiting the intoxicated operation of motor vehicles necessitates a broad definition of operation. After all, there is little distinction between an intoxicated person who is operating a motor vehicle and one who has just finished operating a motor vehicle (People v Dymond, 158 Misc 2d 677 [Greene County Ct 1993]), or is about to do so. In fact, to establish intoxicated operation it is sufficient to prove that the defendant was sitting behind the wheel with the engine running and that he possessed the intent to operate it, even if he was not actually “driving” the vehicle (Matter of Prudhomme v Hults, 27 AD2d 234 [3d Dept 1967]). Undoubtedly, the public policy behind this expansive definition lies in the realization that loss of control of a car by an intoxicated individual can occur any time the engine is turned on and defendant begins to “manipulate the machinery of the motor for the purpose of putting the automobile into motion.” (Prudhomme v Hults, 27 AD2d at 236; see also 3 CJI[NY] Vehicle and Traffic Law § 600 [2], at 2325; CJI2d[NY] Vehicle and Traffic Law § 1192 [rev Aug. 2004].)
By contrast, Vehicle and Traffic Law § 600 (2) (a) triggers the obligation to report an incident only when the incident and its proximate injuries arise out of the actual operation of the motor vehicle. Section 600 (2) (a) ties the reporting requirement to injuries that occur “due to an incident involving the motor vehicle operated by such person,” and therefore an accident that involves the motor vehicle but does not involve its operation is simply not contemplated by the statute. In this regard, a carelessly parked car that causes an injury to a motorist or pedestrian would not seem to involve the reporting requirements of Vehicle and Traffic Law § 600 (2) (a), even if the person who parked the car was present at the time. Nor would the requirements be implicated if personal injury occurs while luggage is *626 removed from the roof of a parked car, or during the opening of its hood or trunk, or when it is undergoing repairs on a public street.
Here, the defendant had ceased operating the motor vehicle well before the incident involving the bicyclist and the car door occurred. The fact that defendant may have carelessly opened the car door in the process of leaving the car does not satisfy the operation element. Indeed, if defendant had caused the injury by carelessly opening the door just before he was about to operate the car, the People would be hard pressed to claim that the operation element had been satisfied. Consequently, defendant’s motion for a trial order of dismissal is granted.