■ In the Matter of ALFRED TOMASELLO, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— Proceeding pursuant to article 78 of the CPLR to review and annul respondent's determination dated November 20, 1968 revoking petitioner's motor vehicle operator's license because of his refusal to submit to a chemical blood test following his arrest for driving while intoxicated (Vehicle and Traffic Law, § 1194, subd. 1). Proceeding dismissed on the merits and determination confirmed, without costs. "In our opinion, the evidence is sufficient to sustain the findings that (1) the

police officer who arrested petitioner had reasonable grounds to believe petitioner was driving while intoxicated; (2) the arrest was properly made; and (3) petitioner was requested to and refused to submit to the test prescribed by statute" (*Matter of Sullivan* v. *Hults,* 27 A D 2d 746, 747; see, also, *Matter of Story* v. *Hults,* 27 A D 2d 745, 746; cf. *Matter of Van Wormer* v. *Tofany,* 28 A D 2d 941). The New York cases have appeared to give a broad meaning to the word " operates ", as it is used in section 1194 (subd. 1) of the Vehicle and Traffic Law, so as to extend it to situations where, as at bar, the petitioner begins " to manipulate the machinery of the motor for the purpose of putting the automobile into motion" (*People* v. *Domagala,* 123 Misc. 757, 758; *Matter of Prudhomme* v. *Hults,* 27 A D 2d 234, 236). Accordingly, we are of the opinion that it was within the respondent Commissioner's province to accept the hearing referee's finding that, when the arresting officer arrived at the point where petitioner's vehicle was stopped in a lane of the highway, he was able to observe him operate the vehicle by turning the ignition key in an attempt to start the motor. Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ., concur.