■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTINA WIDMER, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered January 27, 1986, upon a verdict convicting defendant of the crimes of grand larceny in the third degree, criminal possession of a forged instrument in the second degree, offering a false instrument for filing in the first degree and falsifying business records in the second degree.

Defendant stands convicted of several crimes related to her alleged fraudulent procurement of various public assistance benefits. In September 1984, defendant applied for public assistance on behalf of herself and her two minor children from the Sullivan County Department of Social Services. As part of the application process, defendant was required to provide certain information. She stated that she had not had any contact with her husband for over a year and that she did not know where he was located. She stated that she had been renting a trailer in Narrowsburg, Town of Cochecton, from a "Robert Markowitz". In compliance with the Department's request, she produced a rent receipt which purportedly verified this information. She was determined to be eligible for benefits and received $1,114 in public assistance and $452 in

food stamps over a three-month period. A routine check with the State Department of Social Services raised suspicions of fraud. An ensuing investigation revealed that defendant resided at the International School for Krishna Consciousness (hereinafter ISKCON) in Lake Huntington, Town of Cochecton. ISKCON provided her and her family with free room and board. It was determined that defendant was not eligible for the public assistance and food stamps which she had received.

Defendant was subsequently indicted for the crimes of grand larceny in the third degree, criminal possession of a false instrument in the second degree, offering a false instrument for filing in the first degree and falsifying business records in the second degree. At trial, there was evidence that defendant had resided with her husband during the relevant period. There was also testimony indicating that no one by the name of Robert Markowitz owned property in the Town of Cochecton, that there was not a trailer where defendant had said she was living, and that the road where the trailer was supposedly located did not exist. Defendant was convicted on all counts of the indictment. She was sentenced to five years' probation. This appeal followed.

Defendant alleges that the People failed to prove beyond a reasonable doubt that she committed the charged crimes. On appeal from a conviction after a jury trial, the evidence is viewed in the light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Thus, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, the conviction should, in the absence of other reversible error, be affirmed *(see, People v Contes,* 60 NY2d 620, 621). Here, a review of the trial evidence reveals that the People met their burden. For example, an officer of ISKCON testified that defendant and her husband were living at ISKCON during the relevant time. Another resident of ISKCON testified to seeing defendant, her husband and children receiving free meals at ISKCON. The Town Clerk for the Town of Cochecton stated that no one by the name Robert Markowitz owned land in the town. A State Police officer familiar with the area stated that he knew of neither a trailer nor a road named "Club Road" where the trailer was purportedly located. Even defendant's testimony as to the existence of Robert Markowitz and the location of the trailer was vague. Accordingly, we conclude that the People's proof was sufficient.

Defendant also argues that the People failed to demonstrate the nonexistence of the house trailer before the Grand Jury

and, thus, that the indictment was defective. An order denying a motion to dismiss an indictment on the ground of insufficiency of Grand Jury evidence is not reviewable upon an appeal from an ensuing judgment of conviction which is supported by legally sufficient trial evidence (CPL 210.30 [6]; *People v Lewis*, 125 AD2d 918, 919). Here, County Court denied defendant's motion to dismiss the indictment based upon the sufficiency of the evidence before the Grand Jury and, as discussed above, the evidence at trial was legally sufficient to sustain the jury's finding of guilt. Hence, this argument by defendant is precluded from appellate review.

Next, defendant contends that certain conduct by the prosecuting attorney deprived her of a fair trial. The prosecuting attorney may have overstepped his role in the questioning of defendant on cross-examination about the veracity of prosecution witnesses and his remarks, during summation, about the credibility of certain witnesses *(see, People v Barnes,* 109 AD2d 179, 186; *People v Lum,* 102 AD2d 992). However, where this conduct was objected to by defense counsel, the objections were generally sustained and curative instructions followed. Upon review of the record, we conclude that the cumulative effect of the complained-of misconduct was not so egregious as to deprive defendant of a fair trial. And it is, of course, a fair trial, not a perfect one, to which a defendant is constitutionally entitled *(Bruton v United States,* 391 US 123, 135).

Defendant's remaining contentions have been considered and found unpersuasive.

Judgment affirmed. Kane, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.