■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHEEM HAQQ, Appellant.—Judgment unanimously affirmed. Memorandum: Convicted of rape, sodomy, criminal use of a firearm, and grand larceny, defendant on appeal argues that the court erred in denying his motion to dismiss the indictment because the proof before the Grand Jury was legally insufficient. This claim is meritless. The sufficiency of an indictment is not reviewable on appeal from an ensuing judgment of conviction which is supported by legally sufficient trial evidence (CPL 210.30 [6]; People v Widmer, 137 AD2d

929, 931, *lv denied* 72 NY2d 868). The trial evidence against defendant was not only sufficient, it was overwhelming.

Similarly without merit is defendant's argument that the People violated the rule enunciated in *People v Rosario* (9 NY2d 286) by failing to turn over to him mental health records of a witness who testified for the People. Under *Rosario*, the People are required to turn over statements of witnesses, not their mental health records *(see,* CPL 240.45 [1] [a]). Further, defendant has failed to show that the People had any knowledge of the existence of these records, which were in a name other than the one the witness used at trial.

Because of the heinous nature of the crimes committed by defendant, we cannot say that the sentence imposed was harsh and excessive. (Appeal from judgment of Monroe County Court, Wisner, J.—rape, first degree.) Present—Dillon, P. J., Callahan, Doerr, Denman and Lowery, JJ.