OPINION OF THE COURT
Lambertos Jansen, J.
The above-noted matter came on for a nonjury trial on April 27, 1993 in the Oswego City Court. With the consent of the defendant Wallace M. Edwards a stipulation in lieu of *616 nonjury trial was entered into between the defendant’s attorney John T. Sullivan, Jr. and Assistant District Attorney Donald Dodd on behalf of the Oswego County District Attorney’s office.
Defendant was charged with two alleged violations of Vehicle and Traffic Law § 1192 (i.e., § 1192 [2], [3]). In addition there is an unrelated unsafe backing charge and a charge of uninspected motor vehicle. The stipulation consented to the facts that on October 3, 1992, at between 10:45 and 10:50 p.m. Mr. Edwards was the sole occupant of the 1977 Volkswagen automobile. That the keys to that automobile were not in Mr. Edwards’ possession, but were in the possession of a third party, Michael Traulsen. The defendant Mr. Edwards was behind the steering wheel of the vehicle for the distinct purpose of sleeping off his intoxicated condition. The breathalyzer test conducted showed Mr. Edwards to have a BAG of .24%, almost 2 Vi times the legal presumption.
The stipulation further provided that while he was sitting behind the wheel and asleep his foot came in contact with the clutch peddle which caused the car to roll backwards into another vehicle. The issue presented to the court is whether the defendant under these circumstances could be found beyond a reasonable doubt to have operated a motor vehicle while intoxicated in violation of Vehicle and Traffic Law § 1192 (3) or could be found beyond a reasonable doubt to have operated a motor vehicle with a blood alcohol content in excess of .10% in violation of section 1192 (2).
The term "operate”, as used in the statute prohibiting operating a motor vehicle while a motorist is in an intoxicated condition, is a broader term than the word "drive”. (Matter of Prudhomme v Hults, 27 AD2d 234 [3d Dept 1967].) The word operate as used in the statute must be given a broad meaning as though to extend it to a situation where a motorist "begins To manipulate the machinery of the motor for the purpose of putting the automobile into motion’ ”. (Matter of Tomasello v Tofany, 32 AD2d 962, 963 [2d Dept 1969].) The court does not need to list the hundreds of cases that have held that an individual may be guilty of operating a motor vehicle while in an intoxicated condition by merely being behind the wheel with the key in the lock and the motor running. In this instance, however, the key was neither in the lock nor was the motor running.
It is the opinion of this court that it would be possible for *617 an individual to be guilty of operating a motor vehicle while in an intoxicated condition in violation of the statute even were the key not in the lock and the engine not running if that individual engaged in some voluntary act with the intention of placing the motor vehicle in motion. For example, if an individual were voluntarily to place the motor vehicle in neutral while on an incline so as to allow the vehicle to roll forward. If this act were done intentionally, in this court’s opinion, this would be a violation of the statute. Further, if an individual placed a motor vehicle in neutral for the purpose of having the same pushed or towed by another vehicle so as to place the motor vehicle in motion, it is the opinion of this court that an individual would be guilty of operating a motor vehicle in violation of the provisions of section 1192 of the Vehicle and Traffic Law. But where an individual engages in conduct that was unintentional or at least could not be proved by direct testimony to be intentional, it is the opinion of this court that it would be impossible to determine that the person behind the wheel was guilty, beyond a reasonable doubt of operating a motor vehicle in violation of section 1192. For that reason the charges of violation of section 1192 (2) and section 1192 (3) are dismissed. The remaining charges of uninspected motor vehicle in violation of section 306 (b) of the Vehicle and Traffic Law and unsafe backing in violation of section 1211 (a) of the Vehicle and Traffic Law are placed back on the regular calendar for purposes of disposition on Tuesday, June 29, 1993, at 9:00 a.m.