(October 13, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID D. TOTMAN, Appellant. [617 NYS2d 234] —Crew III, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered February 22, 1991, upon a verdict convicting defendant of the crime of driving while intoxicated.

On April 14, 1990 at approximately 8:30 P.M., a passing motorist observed defendant's vehicle stopped in the middle of the southbound lane of Wood Road in the Town of Dryden, Tompkins County. Shortly thereafter on his return trip the same motorist saw defendant's vehicle in the same location. Defendant was slumped over the steering wheel with the motor running. The motorist called the Sheriff's Department and two Deputies responded. Defendant, in response to inquiries by the Deputies, stated that he had driven to Wood Road and that he was drunk. The Deputies described defendant as

having slurred speech, glassy and bloodshot eyes, and emitting a strong odor of alcohol. Defendant was subsequently charged with and convicted of driving while intoxicated as a felony *(see,* Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]).

Defendant contends that the evidence at trial was legally insufficient to establish beyond a reasonable doubt that he operated a motor vehicle on the date in question. We disagree. Defendant admitted to the Deputies that he had been operating the vehicle, and the fact that he later denied having operated the vehicle merely presented a credibility issue for jury determination *(see, People v Charland,* 194 AD2d 827). Moreover, the term "operate" as used in the Vehicle and Traffic Law is broader than the term "drive" *(see, Matter of Prudhomme v Hults,* 27 AD2d 234, 236) and extends to a situation where a motorist begins to engage the motor for the purpose of putting the vehicle into motion *(see, People v David W.,* 83 AD2d 690; *Matter of Tomasello v Tofany,* 32 AD2d 962, 963, *lv denied* 25 NY2d 742). Here, the testimony of the passing motorist that the engine of defendant's vehicle was running when he stopped to assist him, coupled with defendant's admission that he was intoxicated and the Deputies' testimony as to defendant's physical condition, provided ample evidence for the jury to conclude that defendant operated his vehicle while in an intoxicated condition *(see, People v Saplin,* 122 AD2d 498, *lv denied* 68 NY2d 817; *People v Marriott,* 37 AD2d 868; *see also, People v Thornton,* 130 AD2d 78, 80, *lv denied* 70 NY2d 755).

We also reject defendant's assertion that County Court erred in failing to suppress statements made by him to the Deputies. The Deputies, having found defendant's vehicle stopped in the middle of the southbound lane of Wood Road, had a sufficient basis to make an investigative stop *(see, People v Saplin, supra,* at 499) and their inquiries as to whether he had been drinking and driving were investigatory rather than custodial in nature *(see, People v Hanna,* 185 AD2d 482, *lv denied* 80 NY2d 930).

Finally, defendant's contention that the indictment was not supported by legally sufficient evidence is not reviewable on appeal from an ensuing judgment supported by legally sufficient evidence *(see,* CPL 210.30 [6]; *People v Haqq,* 159 AD2d 983, *lv denied* 76 NY2d 736).

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.