■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ALLEN V. PILBEAM, Appellant. [619 NYS2d 228] —Judgment unanimously affirmed. Memorandum: Supreme Court properly determined that the testimony of defendant from his first trial could be used to impeach him if he testified at his second trial. The contention that defendant's competency during the first trial was in dispute is without merit. Because there was no determination that defendant was not competent when he testified at his first trial, he is presumed to have been competent *(see, People v Gelikkaya,* 197 AD2d 405, *lv granted* 82 NY2d 924). Moreover, his testimony was not so incoherent or inconsistent that its use at the second trial was prohibited.

Defendant also contends that the court erred in denying his motion to dismiss the indictment on the ground that it was based on legally insufficient evidence before the Grand Jury. That contention is not reviewable on appeal because defendant's conviction is based on legally sufficient trial evidence *(see, People v Haqq,* 159 AD2d 983, *lv denied* 76 NY2d 736). The further contention that reversal is warranted because defendant was not present at side-bar voir dires of prospective jurors is without merit. The holdings in *People v Antommarchi* (80 NY2d 247, *rearg denied* 81 NY2d 759) and *People v Sloan* (79 NY2d 386, 392) that a defendant must be present during that questioning are not to be applied retroactively *(see, People v Sprowal,* 84 NY2d 113; *People v Mitchell,* 80 NY2d 519).

We reject defendant's contention that reversal is warranted based on the People's violation of *People v Rosario* (9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765). The record does not show that the People possessed, or that there even existed, transcripts of trial testimony by defendant's accomplices, tape-recordings of witnesses' statements taken by the police, or statements to the police from defendant's accomplices that were not provided to defense counsel. The record establishes, however, that the 18-year-old notes of the People's firearms examiner, who testified at defendant's second trial, had been destroyed by the State Police as part of their periodic expungement of records of completed cases. Given the length of time between defendant's conviction following the first trial and the perfection of the appeal from that conviction, we conclude that those notes were destroyed in good faith. Thus, the court's refusal to sanction the People by striking the firearms examiner's testimony was not an abuse of discretion *(see, People v Quiles,* 198 AD2d 448, 449, *lv denied* 83 NY2d

857; *People v Roberts*, 178 AD2d 622, 623, *lv denied* 79 NY2d 952; *see also, People v Martinez*, 71 NY2d 937, 939-940; *People v Haupt*, 71 NY2d 929).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Murder, 2nd Degree.) Present—Lawton, J. P., Fallon, Wesley, Callahan and Davis, JJ.