OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
The complainant was inside of his house when he heard a loud noise and felt the house vibrate. He immediately went outside and observed a car on the foundation of his front porch. The car doors were closed, the engine was on, as were the headlights, and he saw defendant on the front seat of the car with his feet near the brake and accelerator pads. The complainant observed no one leave the car and saw no one else in the vicinity of the car. Subsequently defendant was charged with violating Vehicle and Traffic Law § 1192 (3) and since he was related to someone in the Richmond County District Attorney’s Office, the Kings County District Attorney was appointed to prosecute the case. Also, the complainant was out of State when his supporting deposition was needed, so the People faxed him the complaint and an unsigned deposition and he faxed the People the signed deposition which they used to convert the misdemeanor complaint. The complaint stated that:
“Deponent states that he is informed by Colin Harris, that the informant observed the defendant operating a 1979 Cadillac, NY Lie. # Y3S128, and the deponent further states that the deponent observed that the defendant was intoxicated in that the defendant had watery and bloodshot eyes, had the odor of an alcoholic beverage on his breath, was unsteady on his feet and had a flushed face.
“The deponent further states that after the defendant was advised of his rights regarding the taking of a test to determine how much alcohol was in his blood the defendant refused to take such a test.”
Defendant contends that the “failure to provide an original corroborating affidavit with an original signature and the correct caption required the court to inquire if the jurisdictional requirement of law had been met. The court’s failure to do so *213 in the fact [sic] of appellant’s motions to dismiss requires reversal”. The law does not support this contention. The CPL has no rules against the acceptance of a faxed, signed deposition. It solely requires the submission of signed documents and there is no prohibition against the use of faxed signatures. In any event, in its January 31, 1997 order the court below held that the faxed copy was sufficient so long as the original document was kept “in the District Attorney’s Office and be made available for inspection upon proper request”. At no point has defendant claimed that there is no original or that he properly requested the original and it was not provided to him. In addition, the CPL does not require the use of a jurat or caption on a supporting deposition; therefore, any errors on such are de minimis (CPL 100.15).
Defendant also contends that the complainant never observed him drive the vehicle and therefore lied in his deposition. Neither the record nor law supports this contention. It is well established that the term “operate” as used in the Vehicle and Traffic Law is broader than the term “drive” (Matter of Prudhomme v Hults, 27 AD2d 234, 236). The New York State Criminal Jury Instructions for Vehicle and Traffic Law § 1192 state that “ ‘[operation’ of a motor vehicle is established upon proof beyond a reasonable doubt that the defendant had recently driven the vehicle or by such proof that he was seated at the wheel, with the motor running and with a present intention of placing the vehicle in operation” (3 CJI[NY] VTL 1192 [1], [2], [3], at 2306; see also, People v Totman, 208 AD2d 970; People v Khan, 168 Misc 2d 192; People v Edwards, 158 Misc 2d 615). In the case at bar, the complaint clearly states that the complainant observed defendant “operate” a vehicle, not “drive” a vehicle. In view of the differences in the meaning of these words the factual allegations of the complaint are sufficient (CPL 100.40).
Moreover, by pleading guilty defendant waived his right to raise a CPL 30.30 speedy trial issue on appeal (see, People v O’Brien, 56 NY2d 1009).
In view of the foregoing, defendant’s conviction is affirmed.
Scholnick, J. P., Chetta and Patterson, JJ., concur.