■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASHTON DIXON, Also Known as ASHMATIC, Appellant. [878 NYS2d 495]—

---

Mercure, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered December 17, 2007, upon a verdict convicting defendant of the crimes of attempted gang assault in the first degree, assault in the second degree, criminal use of a firearm in the second degree (two counts) and criminal possession of a weapon in the second degree.

Following an incident involving a fight between rival gang factions that ended with gunshots fired by defendant, he was charged in an indictment with numerous crimes arising out of his participation in the fight. The first three counts of the indictment charged defendant and his three codefendants with attempted gang assault in the first degree and assault in the second degree (two counts); the remaining charges were made against defendant alone.* Following a jury trial, defendant was convicted of attempted gang assault in the first degree, assault in the second degree as charged in the third count of the indictment, criminal use of a firearm in the second degree (two counts), and criminal possession of a weapon in the second degree. He was thereafter sentenced to an aggregate prison term of 12½ years, to be followed by five years of postrelease supervision. Defendant appeals, and we now affirm.

Initially, we reject defendant's argument that his convictions

---

* Two of the codefendants reached plea bargains with the People and agreed to testify truthfully regarding the incident in exchange for reduced sentences.

under the first, fourth and fifth counts of the indictment—charging attempted gang assault in the first degree and two counts of criminal use of a firearm in the second degree (*see* Penal Law §§ 110.00, 110.05 [4]; §§ 120.07, 265.08 [1], [2])—were not supported by legally sufficient evidence. Attempted gang assault in the first degree is an element of criminal use of a firearm in the second degree as charged herein; defendant asserts that this crime was not established inasmuch as the People failed to prove that he participated in the alleged assault or that there was an attempt to cause serious physical injury to the victim, Francois Colden. Although there was testimony that it was difficult to identify anyone present because the crowd was swarming and people's faces were obscured in the darkness, defendant concedes that there was evidence that he was in the vicinity when Colden was assaulted. Moreover, two of the People's witnesses stated that while defendant's friends and fellow gang members were beating and stabbing Colden, defendant—who was standing approximately 10 to 20 feet away—fired a gun three times and was observed pointing the gun at a rival gang member who was attempting to assist Colden. In our view, given the testimony identifying defendant as the shooter and the proximity of the shooting, a " 'valid line of reasoning and permissible inferences . . . could lead a rational person' to convict" here (*People v Santi*, 3 NY3d 234, 246 [2004], quoting *People v Williams*, 84 NY2d 925, 926 [1994]; *see Matter of Marie K.*, 19 AD3d 149, 150-151 [2005]; *People v Rivers*, 17 AD3d 934, 935-936 [2005], *lv denied* 5 NY3d 768 [2005]; *see also People v Ryan*, 46 AD3d 1125, 1127 [2007], *lv denied* 10 NY3d 939 [2008]).

Similarly lacking in merit is defendant's contention that his convictions of assault in the second degree and criminal possession of a weapon in the second degree are against the weight of the evidence. Inasmuch as a different verdict would not have been unreasonable, we "must, like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]; *see People v Romero*, 7 NY3d 633, 643-644 [2006]). Weight of the evidence review, however, is not limited to a determination of credibility issues; rather, we "must [also] consider the elements of the crime, for even if the prosecution's witnesses were credible their testimony must prove the elements of the crime beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 349 [2007]). Moreover, in conducting a weight of the evidence review, we are " 'constrained to weigh the evidence *in light of the elements of the crime as charged* without

objection by defendant' " (*People v Cooper*, 88 NY2d 1056, 1058 [1996] [emphasis added and citation omitted]; *see People v Danielson*, 9 NY3d at 349).

Here, County Court properly instructed the jury that in order to prove assault in the second degree, the People were required to establish that defendant, in the course of committing or attempting to commit a felony, caused physical injury to the victim, Kaiheim Hough (*see* Penal Law § 120.05 [6]). Physical injury is defined as an "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). While " 'petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives' . . . do not inflict physical injury" (*People v Chiddick*, 8 NY3d 445, 448 [2007] [citation omitted]), the Court of Appeals has instructed that "[p]ain need not . . . be severe or intense to be substantial" and, thus, constitute a physical injury (*id.* at 447). A variety of factors are relevant in determining whether physical injury has been established, including "the injury viewed objectively, the victim's subjective description of the injury and [his or] her pain, and whether the victim sought medical treatment" (*People v Rivera*, 42 AD3d 587, 588 [2007], *lv denied* 9 NY3d 880 [2007]; *see People v Chiddick*, 8 NY3d at 447).

A review of the record reveals that Hough immediately fled the scene to seek medical attention once he was shot. At the hospital, Hough complained of pain and swelling in his shoulder, and he was given a prescription for antibiotics, as well as an X ray, which indicated that a bullet was lodged in his upper arm. Although the injury was not life-threatening, the bullet could not be removed without further complications. Furthermore, while Hough did not testify regarding his pain at the time of the incident, he indicated that he experiences discomfort when it rains as a result of the bullet that remains in his arm. Under these circumstances, the jury's finding that Hough suffered a physical injury was not against the weight of the evidence (*see People v Chiddick*, 8 NY3d at 447-448; *People v Rojas*, 61 NY2d 726, 727-728 [1984]; *see also People v Horton*, 9 AD3d 503, 504-505 [2004], *lv denied* 3 NY3d 707 [2004]; *cf. People v Baez*, 13 AD3d 463, 464 [2004], *lv denied* 4 NY3d 851 [2005]).

With respect to criminal possession of a weapon in the second degree, testimony at trial indicated that defendant fired a small handgun three times while in the middle of a crowd. In addition, one witness testified that defendant was pointing the gun straight at a rival gang member, although he hit Hough instead. Evaluating the evidence in a neutral light and according deference to the jury's opportunity to view the witnesses, hear their

testimony and observe their demeanor (*see People v Bleakley*, 69 NY2d at 495), we cannot say that the jury acted improperly in concluding that defendant possessed a loaded firearm with the intent of using it unlawfully against another (*see* Penal Law § 265.03; *People v Vargas*, 60 AD3d 1236, 1238-1239 [2009]; *People v Clemmons*, 46 AD3d 1117, 1118-1119 [2007], *lv denied* 10 NY3d 763 [2008]; *People v Collazo*, 45 AD3d 899, 900-901 [2007], *lv denied* 9 NY3d 1032 [2008]).

Finally, we are unpersuaded by defendant's argument that County Court erred in denying his request for a missing witness charge with regard to Colden. Defendant failed to show either that Colden would testify favorably to the People or that he was available to the People (*see People v Savinon*, 100 NY2d 192, 197 [2003]; *People v Lemke*, 58 AD3d 1078, 1079 [2009]; *People v Hilliard*, 49 AD3d 910, 913 [2008], *lv denied* 10 NY3d 959 [2008]; *People v Cunningham*, 301 AD2d 955, 956 [2003], *lv denied* 99 NY2d 653 [2003]). Nor do we find merit in defendant's contention that County Court abused its discretion in limiting his cross-examination of a witness regarding occasional marihuana use (*see People v Wrigglesworth*, 204 AD2d 758, 758-759 [1994]; *see also People v Love*, 307 AD2d 528, 532 [2003], *lv denied* 100 NY2d 643 [2003]).

Defendant's remaining arguments are either moot or were not preserved for our review.

Cardona, P.J., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.

