■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC D. WESTCOTT JR., Appellant. [923 NYS2d 763]—

Egan Jr., J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered January 11, 2010, upon a verdict convicting defendant of the crimes of aggravated driving while intoxicated and driving while intoxicated.

During the early morning hours of February 13, 2009, State

---

Troopers Justin Lowe and Daniel Wyant were on patrol on the New York State Thruway in Madison County when they observed a vehicle parked on the shoulder of the opposing lanes. After making a U-turn and pulling up behind this vehicle, Lowe and Wyant approached it and observed three occupants inside—two men in the front seat and a female in the rear passenger seat. Lowe approached the driver's side of the vehicle and found defendant sitting behind the wheel, emanating a strong odor of alcohol. The engine was running and the keys were in the ignition. Lowe asked defendant to exit the vehicle and observed that he did so very slowly, using the vehicle's door for assistance, and that he had trouble maintaining his balance. Lowe requested that defendant submit to field sobriety tests, which defendant refused. Based on his observations, Lowe concluded that defendant was intoxicated and placed him under arrest for driving while intoxicated.

After his arrest and transport to State Police barracks, defendant submitted to a breathalyzer test, which revealed that his blood alcohol content was .22%. A grand jury subsequently indicted defendant for aggravated unlicensed operation of a motor vehicle in the first degree, aggravated driving while intoxicated and driving while intoxicated. The People also filed a special information that accused defendant of knowing that his license had previously been suspended or revoked for refusing to submit to a chemical test stemming from a previous incident. Following a jury trial, defendant was convicted of aggravated driving while intoxicated and driving while intoxicated.[1] Defendant then moved to set aside the verdict pursuant to CPL 330.30, which motion County Court denied. Defendant was thereafter sentenced to three years of probation, with the imposition of a $1,000 fine and certain other surcharges. Defendant now appeals.

Initially, we reject defendant's claim that the convictions were against the weight of the evidence. Inasmuch as a different verdict would not have been unreasonable, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Dixon*, 62 AD3d 1036, 1038 [2009], *lv denied* 12 NY3d 914 [2009] [internal quotation marks and citations omitted]; *see People v Baltes*, 75 AD3d 656, 658 [2010], *lv denied* 15 NY3d 918 [2010]; *People v Johnson*, 70 AD3d 1188, 1189-1190 [2010]). Our weight of the

---

1. At the close of the People's case, County Court granted defendant's motion to dismiss the charge of aggravated unlicensed operation of a motor vehicle.

evidence review "is not limited to a determination of credibility issues; rather, we 'must [also] consider the elements of the crime, for even if the prosecution's witnesses were credible their testimony must prove the elements of the crime beyond a reasonable doubt' " (*People v Dixon*, 62 AD3d at 1038, quoting *People v Danielson*, 9 NY3d 342, 349 [2007]; *see People v Hayden*, 60 AD3d 1155, 1156 [2009], *lv denied* 12 NY3d 854 [2009]).

Here, defendant conceded that he was sitting in the driver's seat when the Troopers approached the vehicle and that he was intoxicated, but denied that he ever drove the vehicle and that, in any event, it had sustained accident damage that rendered the vehicle inoperable. As such, the only contested element of either offense consisted of defendant's purported operation of the vehicle (*see* Vehicle and Traffic Law § 1192 [2-a], [3]). In grand jury testimony read to the jury,[2] defendant testified that during the early morning hours of February 13, 2009, Zach Duffy was driving defendant and Sonnet White, a female friend, home from a nightclub in defendant's automobile when, upon entering the Thruway, they struck a guardrail, damaging the car. Defendant testified that they continued for a distance and then pulled over. According to defendant, as the Troopers pulled up, Duffy hopped into the backseat and he jumped into the driver's seat. White testified at trial that both men were in the front seat—with Duffy initially in the driver's seat and defendant on the passenger's side—but switched sides seconds before the Troopers approached. Lowe testified that, upon approaching defendant's running vehicle, he observed defendant sitting in the driver's seat, wearing a seatbelt. Finally, defendant's brother, an auto mechanic, testified that it was his opinion, based on a visual inspection conducted after defendant's arrest, that defendant's vehicle was inoperable due to the accident damage.

"[T]he term 'operate' as used in the Vehicle and Traffic Law is broader than the term 'drive' and extends to a situation where a motorist begins to engage the motor for the purpose of putting the vehicle into motion" (*People v Totman*, 208 AD2d 970, 971 [1994] [citation omitted]; *accord People v Beyer*, 21 AD3d 592, 594 [2005], *lv denied* 6 NY3d 752 [2005]). Mindful of this principle and the fact that there is no requirement that a vehicle be in actual motion for a vehicle to be in "operation" (*People v Prescott*, 95 NY2d 655, 662 [2001]), which can be established by evidence that an "individual was merely behind the wheel with the engine running" (*People v David W.*, 83 AD2d 690, 690

---

**2.** Defendant did not testify at trial, but stipulated that his testimony before the grand jury be read to the trial jury.

[1981]; *see People v Alamo*, 34 NY2d 453, 458 [1974]), we find no reason to disturb the jury's credibility determination with respect to defendant's position in the vehicle or its operability.

Finally, as no objection was made at the time of trial with respect to defendant's remaining contention—that he was prejudiced because the procedures employed in CPL 200.60 were not followed—this challenge has not been preserved for appellate review, and we decline to exercise our interest of justice jurisdiction (*see* CPL 470.05 [2]; 470.15 [6] [a]; *People v Dickinson*, 78 AD3d 1237, 1239 [2010]; *People v Reid*, 232 AD2d 173, 174 [1996], *lv denied* 90 NY2d 862 [1997]).

Mercure, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.