OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
Insofar as is relevant to this appeal, following a nonjury trial, defendant was convicted of unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]). On appeal, defendant contends, among other things, that the evidence was legally insufficient to establish his guilt because both he, and one of the police officers who testified, testified that defendant had presented an international driver’s permit at the time of the incident. Moreover, defendant testified that he was not a resident of the State of New York on the date of the incident. Defendant further contends that the verdict was against the weight of the evidence.
A resident of the State of New York is a person who lives in New York State with the intention of making New York State their fixed and permanent abode (see Vehicle and Traffic Law § 250 [5]), and it is “presumptive evidence that a person who maintains a place of abode in this state for a period of at least ninety days is a resident of this state” (id.). Thirty days after becoming a resident of New York State, the resident may not operate a motor vehicle in New York State without a New York State driver’s license (see Vehicle and Traffic Law § 250 [2]), and it is unlawful for a person to operate a motor vehicle on a public highway unless the person is duly licensed (see Vehicle and Traffic Law § 509 [1]).
In the case at bar, viewing the evidence in the light most favorable to the People and indulging in all reasonable inferences in the People’s favor (see People v Ford, 66 NY2d 428, 437 [1985]; People v Contes, 60 NY2d 620, 621 [1983]), the testimony adduced at trial indicates that, on January 2, 2012, defendant was alone in his car with the motor running and, upon the request of police officers, defendant presented the officers with his New York State learner’s permit and an *35 international driver’s permit. Defendant testified that he had moved to New York State in July 2011 and had leased an apartment. Defendant obtained a New York State learner’s permit in October 2011 and registered and insured a vehicle in New York State. Ninety days after defendant moved to New York State in July 2011, defendant is presumed to have become a resident of New York State (see Vehicle and Traffic Law § 250 [5]), and defendant provided no testimony to rebut this presumption. Consequently, following the 90-day period, defendant had 30 days in which to obtain a New York State driver’s license to lawfully operate a motor vehicle in New York State (see Vehicle and Traffic Law § 250 [2]), which defendant had failed to do as of the January 2, 2012 incident. We note that it is well settled that a person sitting in the driver’s seat of a vehicle with the engine running may be found to have operated the motor vehicle without the need for proof that the person had put the vehicle in motion (see People v Prescott, 95 NY2d 655, 662 [2001]; People v Westcott, 84 AD3d 1510, 1512 [2011]; People v Morales, 54 Misc 3d 137[A], 2017 NY Slip Op 50139[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). In addition, pursuant to Vehicle and Traffic Law § 501 (5) (a) (ii), a learner’s permit can only be used to operate a motor vehicle under the immediate supervision and control of a person at least 21 years old who holds a valid driver’s license (see also Vehicle and Traffic Law § 501 [5] [b] [i]). As a result, the evidence adduced at trial was legally sufficient to establish defendant’s guilt of unlicensed operation of a motor vehicle beyond a reasonable doubt.
Furthermore, upon our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trier of fact’s opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict convicting defendant of unlicensed operation of a motor vehicle was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).
We reach no other issue.
Accordingly, the judgment of conviction is affirmed.
Weston, J.P., Solomon and Elliot, JJ., concur.