People v Allaico (2021 NY Slip Op 50026(U))

[*1]

People v Allaico (Franklin)

2021 NY Slip Op 50026(U) [70 Misc 3d 134(A)]

Decided on January 15, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 15, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-425 Q CR

The People of the State of New York,
Respondent, 
against
Franklin Allaico, Appellant. 

Appellate Advocates (Ava C. Page of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Rachel N. Houle of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(John Zoll, J.), rendered January 16, 2018. The judgment convicted defendant, upon a jury
verdict, of driving while intoxicated per se, common-law driving while intoxicated, and
unlicensed operation of a motor vehicle, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a jury trial, defendant was convicted of driving while intoxicated per se (Vehicle
and Traffic Law § 1192 [2]), common-law driving while intoxicated (Vehicle and Traffic
Law § 1192 [3]), and unlicensed operation of a motor vehicle (Vehicle and Traffic Law
§ 509 [1]). On appeal, defendant contends that the Criminal Court's charge to the jury
regarding operation of a motor vehicle denied him due process; that the evidence was legally
insufficient because the People failed to prove that he had the intent to operate a vehicle; and that
his CPL 330.30 motion to set aside the verdict should have been granted.
At trial, a police officer testified that, at about 12:50 a.m., he discovered defendant asleep in
the driver's seat of a vehicle parked in a parking lot in Flushing Meadows Park which had closed
at 9:00 p.m. The vehicle's engine was running and its headlights were on. The officer observed an
odor of an alcoholic beverage emanating from defendant, who had watery eyes, slurred speech
and was unsteady on his feet. The officer asked defendant for his driver's license, which
defendant did not provide, and defendant admitted to having consumed two beers. After being
provided with his Miranda rights, defendant admitted that he had driven "from home" and
that he had consumed four Coronas. The result of defendant's Intoxilyzer test indicated that his
blood alcohol content was .148%.
Viewing, as a whole, the Criminal Court's jury charge with respect to the operation of a
motor vehicle, we find that it correctly conveyed the proper standard of proof (see People v
[*2]Umali, 10 NY3d 417, 426-427 [2008]). In addition, the
Criminal Court properly denied defendant's CPL 330.30 motion to set aside the verdict, as the
jury charge was appropriate and defendant's other arguments in support of the motion were based
on matters outside of the record (see CPL 330.30 [1]; People v Giles, 24 NY3d 1066, 1068 [2014]; People v
Wolf, 98 NY2d 105, 119 [2002]).
Moreover, we find that the evidence, viewed in the light most favorable to the People
(see People v Contes, 60 NY2d 620, 621 [1983]), and indulging in all reasonable
inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), was
legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of driving while
intoxicated per se, common-law driving while intoxicated, and unlicensed operation of a motor
vehicle. An element of each of the foregoing charges is that the defendant operated a motor
vehicle. It is well settled that operation of a vehicle can be established by circumstantial evidence
(see People v Booden, 69 NY2d 185, 187-188 [1987]; People v Ramlall, 47 Misc 3d
141[A], 2015 NY Slip Op 50621[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2015]). In addition, the term "operate" is broader than the term "drive" and there need be no
proof that a defendant actually put the vehicle into motion (see People v Prescott, 95
NY2d 655, 662-663 [2001]; People v
Westcott, 84 AD3d 1510, 1512 [2011]; People v Totman, 208 AD2d 970, 971
[1994]; People v Abuziyad, 56 Misc
3d 33, 35 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; see also People v
Alamo, 34 NY2d 453, 459 [1974]). 
The evidence demonstrated that defendant was intoxicated and failed to provide the police
officer with his driver's license when asked, which facts defendant does not dispute. The
evidence that the officer had discovered defendant asleep in the driver's seat of a parked vehicle
with the engine running and its headlights on was sufficient to establish that defendant operated
the vehicle (see People v Westcott,
84 AD3d 1510; People v Cunningham, 274 AD2d 484 [2000]; People v Fasano, 66 Misc 3d
149[A], 2020 NY Slip Op 50271[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020];
People v Garcia, 61 Misc 3d
14, 18 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Morales, 54 Misc 3d
137[A], 2017 NY Slip Op 50139[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017];
People v Cross, 52 Misc 3d
133[A], 2016 NY Slip Op 51011[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016];
People v Reilly, 50 Misc 3d
132[A], 2015 NY Slip Op 51946[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).

Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 15, 2021