People v Perez (2021 NY Slip Op 50840(U))

[*1]

People v Perez (Victor)

2021 NY Slip Op 50840(U) [72 Misc 3d 141(A)]

Decided on August 27, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-1045 Q CR

The People of the State of New York,
Respondent,
against
Victor Perez, Appellant. 

New York City Legal Aid Society (Lorca Morello of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Ellen C. Abbot and John
F. McGoldrick of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Jerry Iannece, J.), rendered April 20, 2018. The judgment convicted defendant, after a nonjury
trial, of driving while ability impaired and unlicensed operation of a motor vehicle, and imposed
sentence.

ORDERED that the judgment of conviction is reversed, on the law, and the accusatory
instrument is dismissed. 
In April 2016, defendant was charged with various misdemeanors, as well as with the traffic
infractions of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) and
unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]). Thereafter, in
April 2017, defendant moved to dismiss the accusatory instrument on the ground that his
statutory right to a speedy trial had been violated (see CPL 30.30). By order dated July
14, 2017, the Criminal Court (Karen Gopee, J.) granted the branch of defendant's motion seeking
to dismiss the misdemeanor charges, after finding that 93 days of delay were chargeable to the
People, but denied the branch of defendant's motion seeking to dismiss the traffic infractions. In
February 2018, defendant moved to dismiss the accusatory instrument on the ground that his
constitutional and statutory rights to a speedy trial of the traffic infractions had been violated
(see CPL 30.20, 30.30). By order dated April 11, 2018, the Criminal Court (John F. Zoll,
J.) denied defendant's motion, finding, among other things, that "the extent of the delay and the
reasons for the delay are otherwise outweighed by the general gravity of the underlying charges."
Following a nonjury trial, defendant was convicted of the traffic infractions and was sentenced to
a conditional [*2]discharge.
On appeal, defendant contends that the Criminal Court improperly denied the branch of his
motion seeking to dismiss the accusatory instrument on the ground that his constitutional right to
a speedy trial had been violated, and that the verdict was against the weight of the evidence
because the People failed to establish that he had operated the vehicle.
In order to determine whether a defendant has been denied his constitutional right to a
speedy trial pursuant to CPL 30.20, the following factors must be considered: "(1) the extent of
the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not
there has been an extended period of pretrial incarceration; and (5) whether or not there is any
indication that the defense has been impaired by reason of the delay" (People v
Taranovich, 37 NY2d 442, 445 [1975]; People v Decker, 13 NY3d 12, 14-15 [2009]). Upon an
examination of the Taranovich factors, we find that the branch of defendant's motion
seeking to dismiss the accusatory instrument on the ground that his constitutional right to a
speedy trial of the traffic infractions had been violated was properly denied (see People v
Watts, 57 NY2d 299 [1982]; People v Johnson,184 AD2d 862 [1992]; People v
Dury, 179 AD2d 821 [1992]; People v Ramlall, 54 Misc 3d 133[A], 2018 NY Slip
Op 50491[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018], affd 34 NY3d
1154 [2020]). Defendant was not incarcerated for any significant period of time and did not
demonstrate that his defense had been impaired (see People v Ramlall, 59 Misc 3d
133[A], 2018 NY Slip Op 50059[U];
People v Keane, 47 Misc 3d 136[A], 2015 NY Slip Op 50497[U] [App Term, 2d Dept,
9th & 10th Jud Dist 2015]). While there was a protracted delay here, such delay "will not, in
and of itself, be sufficient to warrant the drastic measure of dismissal" (People v
Taranovich, 37 NY2d at 446; People v Ramlall, 59 Misc 3d 134[A], 2018 NY Slip Op 50491[U],
*1).
However, we agree with defendant's contention that the verdict was against the weight of the
evidence, as the People failed to establish beyond a reasonable doubt that defendant had operated
the vehicle. It is uncontroverted that, when the police arrived at the scene, defendant was located
in the backseat of a vehicle which was owned by another, the police officer did not recall whether
the engine of the vehicle was running, the vehicle's keys were not recovered from defendant's
person and the officer did not recall whether any keys were vouchered (cf. People v
Alamo, 34 NY2d 453 [1974]; People v Westcott, 84 AD3d 1510 [2011]; People v
Cunningham, 274 AD2d 484 [2000]; People v Fasano, 66 Misc 3d 149[A], 2020 NY Slip Op 50271[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Garcia, 61 Misc 3d 14, 18 [App Term, 2d Dept, 9th
& 10th Jud Dists 2018]; People v
Morales, 54 Misc 3d 137[A], 2017 NY Slip Op 50939[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2017]). The sole evidence of defendant's operation of the vehicle was the
police officer's testimony that defendant had told him, at the scene, that he had been driving.
However, the officer also testified that, at that time, defendant was "very out of it," was "nodding
on and off," was not responding to his questions, and that, at the precinct, defendant stated that
he had not been driving.
Defendant testified that he had gone to a bar with his cousin and his cousin's friends, one
[*3]of whom was the owner of the vehicle. The owner drove
everyone home, with defendant sitting in the backseat of the vehicle. Defendant fell asleep during
the drive and, when he woke up, everyone else was gone and the vehicle had been involved in an
accident. He remained in the backseat and waited for the police to arrive. He had not told the
police that he had been driving the vehicle. 
While operation of a vehicle can be established by circumstantial evidence (see People v
Booden, 69 NY2d 185, 187-188 [1987]; People v Ramlall, 47 Misc 3d 141[A], 2015 NY Slip Op 50621[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), we find that the verdict here
convicting defendant of driving while ability impaired and unlicensed operation of a motor
vehicle was against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]), as the
Criminal Court was not justified in finding beyond a reasonable doubt that defendant had
operated the vehicle.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed. 
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2021