People v Gavriel (2025 NY Slip Op 51796(U))

[*1]

People v Gavriel

2025 NY Slip Op 51796(U)

Decided on November 13, 2025

Criminal Court Of The City Of New York, Kings County

Tisne, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 13, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
Weber Gavriel.

Docket No. CR-021008-25KN

For the People: Lucas Pozzuto
For defendant: Benjamin Healy

Philip V. Tisne, J.

On April 30, 2025, the People filed a complaint charging defendant with Operating a Motor Vehicle While Under the Influence of Alcohol (VTL § 1192[1], [3]). Because defendant was charged with misdemeanors only, at least one of which carried a potential jail sentence exceeding three months, the People were required to announce their trial readiness within 90 days of the action's commencement—i.e., on or before July 29, 2025. See CPL 30.30(1)(b), (4). The People filed an information and supporting deposition on July 18, 2025, together with a certificate of compliance ("COC") and statement of readiness. Defendant now moves to dismiss the action on the ground that the information is defective. See CPL 170.30(1)(a). The court assumes the parties' familiarity with the facts and arguments raised in the motion. As explained below, the motion is DENIED.
To be facially sufficient, an information must comply with the requirements of CPL 100.15; it must assert non-hearsay allegations that, if true, establish every element of the charged offenses; and it must assert factual allegations that establish reasonable cause to believe that the defendant committed the charged offenses. See CPL 100.40. An information (or a count thereof) that does not comply with these requirements is defective and may be dismissed, unless the defect can be cured by amendment and the People request leave to amend. See CPL 170.30(1)(a), 170.35(1(a).
In this case, the information was sworn by Police Officer Dan Elkin based on statements from Moshe Schonfeld and Police Officer Alvin Martinez. Schonfeld told Elkin that, on the night of the arrest, he saw a vehicle at the intersection of Avenue I and Ocean Parkway in Brooklyn and heard defendant say, "I will take care of this I live close by." Defendant entered the vehicle and attempted to start it by pressing the start button, but the vehicle did not start. Defendant then gave the keys to Schonfeld. Officer Martinez told Elkin that, when he arrived on the scene, he observed defendant exhibiting signs of intoxication—namely slurred speech, the odor of alcohol on his breath, and an unsteady gait. Martinez told Elkin that defendant stated that he "had just dropped off [ his ] 16 year old son"; according to Martinez, defendant stated that he had "had drinks" and that he "thought he was sober." The People filed supporting depositions [*2]from Schonfeld and Martinez; defendant's statements were admissions and did not require corroboration. See People v Suber, 19 NY3d 247, 254 (2012); People v Harris, 148 AD2d 469, 469 (2d Dep't 1989).
Defendant claims that the information is defective because it fails to contain non-hearsay allegations that he operated a motor vehicle. That claim fails for two reasons. First, by alleging that defendant attempted to start the vehicle, the People sufficiently alleged that he "operated" it within the meaning of VTL § 1192. The "definition of operation is broader than that of driving" and is satisfied if a defendant "intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of the vehicle." People v Prescott, 95 NY2d 655, 662 (2001) (cleaned up). The Court of Appeals suggested that "attempting to start" a motor vehicle constitutes operation, id. at 662 n.8, and other courts have so held, see Tomasello v Tofany, 32 AD2d 962, 963 (2d Dep't 1969); see also People v Totman, 208 AD2d 970, 971 (3d Dep't 1994) (statutory definition "extends to a situation where a motorist begins to engage the motor for the purpose of putting the vehicle into motion"). The information thus satisfactorily alleged operation through non-hearsay allegations that defendant attempted to start the vehicle.
Separately, the People sufficiently alleged operation through non-hearsay allegations that, if true, clearly supported a reasonable inference that defendant had recently driven the vehicle in question. "It is well settled that operation of a vehicle can be established by circumstantial evidence." People v Allaico, 70 Misc 3d 134(A), *1 (App Term 2d Dep't 2021). As a result, the People could allege defendant's operation of a vehicle through non-hearsay allegations that, "given a fair and not overly restrictive or technical reading," People v Casey, 95 NY2d 354, 360 (2000), supported a reasonable inference that defendant had operated the vehicle, "even though there [ was ] no direct proof that he drove [ it ]." People v Blake, 5 NY2d 118, 120 (1958). That standard was satisfied here by the allegation that defendant told Martinez that he "had just dropped off [ his ] 16 year old son." Contrary to defendant's contention, a fair reading of this admission in the context in which it was made—i.e., to an officer responding to the scene of an alleged drunk-driving incident—is that, when defendant made the statement to Martinez, defendant had recently used the vehicle to drive his son someplace. Defendant's contrary interpretation of the statement does not negate the sufficiency of the information's allegations; it raises a factual dispute that is "properly left for trial." People v Miles, 64 NY2d 731, 733 (1984); see People v Konieczny, 2 NY3d 569, 577 (2004) (citing Casey, 95 NY2d at 360).
For the foregoing reasons, defendant's motion to dismiss the information as defective is DENIED. Defendant's requests for a Huntley/Dunaway hearing and a VTL § 1194 hearing are granted.
This constitutes the order of the court.
Dated: November 13, 2025
Brooklyn, New York
Hon. Philip V. Tisne